First National Bank of Plymouth *vs.* Price, *et al.*

(Decided 13th January, 1871.)

---

THE FIRST NATIONAL BANK OF PLYMOUTH, PENN-SYLVANIA *vs.* AUGUSTUS M. PRICE, BENTLEY C. BIBB, and others.

*A Penalty can only be enforced within the State, where the Law which imposes it, is enacted.*

Under a statute of Pennsylvania, it was provided that the total amount of the debts and liabilities (other than the capital stock) of certain companies, should never exceed the amount of their capital actually paid in; and if any debts or liabilities should be contracted exceeding the said amount, the directors and officers contracting the same, or assenting thereto, should be jointly and severally liable, in their individual capacities for the whole amount of such excess, and the same might be recovered by action of debt as in other cases. HELD :

That the liability imposed upon the directors and officers of such corporations, is in the nature of a penalty, and can only be enforced within the limits of Pennsylvatia.

First National Bank of Plymouth *vs.* Price, *et al.*

APPEAL from the Superior Court of Baltimore City.

The cause was argued before BARTOL, C. J., STEWART, MAULSBY, GRASON, MILLER and ALVEY, J.

*Wm. S. Waters* and *Geo. W. Woodward*, for the appellant.

The law of the place where the contract is made, or the obligation incurred, gives the force and efficacy to the contract. The particular facts have such effect to bind parties as is prescribed by the *lex loci*. *Story's Con. Laws, secs.* 266, 558, &c.; *Thrasher vs. Everhart,* 3 *Gill & Johns.,* 242; *Trimbey vs. Viginer,* 1 *Bing. N. S.,* 151; *Sackett's Harbour Bank vs. Blake,* 3 *Rich. E.,* 225.

The Court of no State, however, will enforce penalties inflicted by the laws of other States, and the only question is: Is the responsibility incurred by the acts of the directors, stated in the declaration, a penalty inflicted by the laws of Pennsylvania? *Story's Con. Laws, sec.* 619, &c.

The responsibility of the directors arises out of their making or assenting to the contract, and is simultaneous with it. It does not arise from anything collateral to it, or from any subsequent act or breach of, or failure to discharge duty. The law simply declares that the amount of the debts of the corporation (other than the capital stock) shall never exceed "its capital actually paid in." It is against law that it should be so. And if a director, where this is the case, contracts a debt or assents to such contract, he shall be individually liable? Why liable? Because he has made or assented to a contract as agent for a principal, under circumstances which make him personally liable for the debt. The law is, in effect, this: If you, as agent, contract or agree to bind your principal for a debt when the principal is insolvent, you shall be bound yourself. The obligation has all the essential elements of a contract, and is in no sense a penalty imposed as a punishment for crime. Primarily, the party who makes the contract is bound to perform it; and if, in contracting, he repre-

sents himself as agent, he must produce a principal, or be bound himself. The responsibility here incurred is allied to this. *Morgan vs. N. Y. & A. R. R. Co.*, 10 *Paige*, 290; *An. & Am. on Corp.*, secs. 579–604, 605–611; *Corning vs. McCullough*, 1 *Com.*, 66, 68, 70, 71; *Ex parte Van Riper*, 20 *Wend.*, 616; *Van Hook vs. Whitlock*, 3 *Paige*, 415; *Allen vs. Sewell*, 2 *Wend.*, 339; *Marsh vs. Clark*, 17 *Mass.*, 334.

Individual liability is in contrast with corporate liability. *Prima facie*, all the stockholders and directors would be liable for all the debts of the company. A corporation is but a partnership qualified by law. The stockholders and directors are partners, and responsible as such, except in so far as the statute relieves them from this position. It is not the statute which creates the liability. The liability existed at common law, except in so far as the statute restricts it. *Bayley vs. Bancker*, 3 *Hill*, 189, and cases previously cited.

*John Carson* and *John Stewart*, for the appellees.

The liability imposed upon the directors and officers of certain corporations, by the statute under which the appellees are sought to be held responsible, does not arise *ex contractu*; the statute is penal in its character, and imposes a penalty for its violation; the action is, therefore, to recover a penalty given under a Pennsylvania statute, and cannot be enforced in Maryland.

The Courts of Pennsylvania have held similar laws as penal provisions. *Harrisburg Bank vs. Commonwealth*, 26 *Penn.*, 451.

Analogous statutory provisions making officers and directors of corporations liable for all the company's debts, when they contract debts in excess of capital stock, or fail to file certificate, or publish an annual statement, have all been held to be penal statutes, creating no liability *ex contractu*. *State vs. B. & O. R. R. Co.*, 12 *G. & J.*, 432; *Garrison vs. Howe*, 17 *N. Y.*, 458; *Lawler vs. Burt*, 7 *Ohio State Rep.*, 341; *Kritzer vs. Woodson*, 19 *Missouri*, 329, 330; *Cable vs. Cunc*,

26 *Missouri*, 380; *Boughton vs. Otis*, 21 *N. Y.*, 261; *Chambers vs. Lewis*, 28 *New York*, 454.

.The Courts of Pennsylvania, in reference to the liability imposed by the statute in question, say that the director is a wrong-doer; that he has no right to recover from the company; that there is no right of contribution between the directors, and that the liability is imposed for neglect of duty. *Hill vs. Frazier*, 22 *Penn. State Rep.*, 320; *Brinham vs. Wellersburg Coal Co.*, 47 *Penn. State Rep.*, 43.

To the same effect are the following cases: *Andrews vs. Murray*, 33 *Barb.*, 354; *Shaler & Hall Quarry Co. vs. Bliss*, 34 *Barb.*, 309; *Squire vs. Brown*, 22 *Howard Pr. Rep.*, 45; *Stow vs. Fenno*, 6 *Allen*, 579; *Pearson vs. Skalton*, 1 *Mee. & W.*, 504.

That the liability is statutory, *ex delicto*, and not *ex contractu*, and is to recover a penalty, and that such penalty can only be enforced in the State enacting the statute, has been expressly decided by the States of *New York, New Jersey, Massachusetts and New Hampshire*, in the following cases, all of which are identical with the case at bar: *Halsey vs. McLean*, 12 *Allen*, 438; *Erickson vs. Nesmith*, 4 *Allen*, 233; *Derrickson vs. Smith*, 3 *Dutch.*, 166; *Bird vs. Hayden*, 1 *Robertson*, 383; *Merchants' Bank vs. Bliss*, 1 *Robertson*, 391; *Erickson vs. Nesmith*, 46 *New Hamp.*, 371, 378.

It was contended, in behalf of the appellant, that the New York cases lay down another doctrine, viz: that where the stockholders or directors of a corporation are liable for the debts of the company, under its charter, or by the terms of the law authorizing the charter, there they are responsible at common law under their original liability, and that it is only a *quasi* corporation.

Admitting, for the sake of the argument, the correctness of the New York cases, they do not apply to this case; they were all cases where the stockholders or directors were liable *for all the debts of the company*. Under this Pennsylvania statute, the directors are not liable at all for the debts of the

company, *eo nomine;* they are only liable for the *excess* of debt over capital, and that excess may be much more or less than the debt sued on; *secondly,* it is not merely the directors, who contract the debts, who are responsible for the excess aforesaid; *any director afterwards assenting thereto is liable under the statute;* the debt *qua* debt cannot be recovered under this statute—only the excess. The New York cases, therefore, even if good law, do not apply to the case at bar.

The law of the New York cases is not the law of Pennsylvania; there the Court holds a liability as given by this statute to be a penal one. They also hold the liability to be statutory and not at common law. They also hold their own construction of their laws to be conclusive; and no rule of comity requires the liability to be more extensive in Maryland, where the statute does not operate *proprio vigore,* than it is held to be in Pennsylvania, where it is declared to be statutory and penal. *Halsey vs. McLean,* 12 *Allen,* 438.

The statute system of another State, in reference to the liability of stockholders and directors of foreign corporations, will not be enforced in this State. *Erickson vs. Nesmith,* 4 *Allen,* 233; *Halsey vs. McLean,* 12 *Allen,* 438; *Erickson vs. Nesmith,* 46 *New Hamp.,* 371, 378.

BARTOL, C. J., delivered the opinion of the Court.

This suit was instituted by the appellant against the appellees, as officers and directors of " The Consumers' Union Coal Company," a corporation created under the laws of the State of Pennsylvania.

The case comes before us upon general demurrer to the declaration, and the only question to be decided is whether the liability for the debts of the corporation imposed upon the officers and directors by the law of Pennsylvania, of March 30th, 1860, can be enforced by an action of debt in this State?

The provisions of the statute, which are substantially set out in the declaration, are as follows:

" In order the better to limit and restrict the amount of liabilities to the actual capital of all companies formed under the Act, to enable joint tenants, tenants-in-common and adjoining owners of mineral lands in this commonwealth, to manage and develop the same, approved the 21st day of April, 1854, and to provide for the protection of both the creditors and stockholders thereof, the total amount of the debts and liabilities (other than its capital stock) of any such company, shall never exceed the amount of its capital actually paid in; and if any debts or liabilities shall be contracted exceeding the said amount, the directors and officers contracting the same, or assenting thereto, shall be jointly and severally liable, in their individual capacities, for the whole amount of such excess, and the same may be recovered by action of debt as in other cases."

It is alleged in the declaration that the indebtedness of the corporation to the appellant was, at the time the same was contracted, " in excess of the capital stock actually paid in, and that the defendants were then directors and officers of the corporation and assented to the contracting of said debts."

The case stated comes within the provisions of the statute, and if this suit had been instituted in Pennsylvania, there could be no doubt of the right of the plaintiff to recover. But the question here is, can the liability imposed by the statute be enforced out of the limits of Pennsylvania? This depends upon the nature of the liability, and the manner in which it is created. Does it arise upon contract? or is it in the nature of a penalty created by the statute, and imposed upon the defendants as wrong doers?

The decision of the case turns upon the proper solution of these questions; for while a contract made in one State, is enforced in other States agreeably to the law of the State where it is made; it is well settled that no State will enforce penalties imposed by the laws of other States; such laws are

universally considered as having no extra territorial operation or effect.

These general principles were conceded in the argument, and we need not cite authorities in their support.

To ascertain the nature of the responsibility here sought to be enforced, and to determine whether it arises upon contract, or is one imposed by the statute by way of penalty, we must at last refer to the provision of the statute itself and ascertain its true construction and effect.

Before doing this we will refer to some of the cases cited in argument, in which the Courts of other States have considered the nature of the liability of stockholders and officers of corporations growing out of statutory provisions similar to the one before us.

It has been decided by the Courts of New York in several cases, and seems now to be there well settled, that where by a statute it is provided that the individual corporators shall be jointly and severally liable for the debts of the corporation, such liability is not in the nature of a penalty, but may be enforced as a contract. *Corning vs. McCullough,* 1 *Coms.,* 47 ; *Allen vs. Sewall,* 2 *Wendell,* 338 ; *Moss vs. Oakley,* 2 *Hill,* 265 ; *Bailey vs. Bancker,* 3 *Hill,* 188 ; *Hager vs. McCullough,* 2 *Denio,* 119 ; other cases might be cited to the same effect.

In *Ex parte Van Riper,* 20 *Wend.,* 614, it was held that such a liability arising under an Act of incorporation of the State of New Jersey might be enforced by a suit in the State of New York.

The ground upon which those decisions rest as succinctly stated by Judge BRONSON in *Corning vs. McCullough,* is that in such cases "the stockholders stand substantially upon the same footing as though they had been partners, or an unincorporated association ; that they were answerable to the creditors of the company as original and principal debtors, though the creditors were first to exhaust their remedy against the corporation."

These cases have been relied on by the appellant in argu-
ment as analogous to this, and it is contended that the liability
of the defendants in this suit is of the same kind.

On the other hand it has been contended by the appellees'
counsel, that the liability imposed by the Pennsylvania sta-
tute, now under consideration, and which is here sought to be
enforced, is not an original responsibility for the debts of the
corporation *eo nomine;* but is one imposed by the statute for
a violation of its provisions, or a breach of duty on the part
of the directors, in contracting debts of the corporation " ex-
ceeding the amount of its capital actually paid in." The
liability is *"for the amount of such excess,"* and therefore it
is contended that it springs not out of the contract of the
parties, but is in the nature of a penalty imposed by the
statute.

In support of this view we have been referred to a number
of cases, in which it has been held that where a statute
enjoins a duty to be performed by the officers of a corpora-
tion, and in case of a failure on their part to perform such
duty, makes them individually liable for the debts of the
corporation, such liability is in the nature of a penalty.

To this class of cases belong *Garrison vs. Howe,* 17 *N. Y.,*
458; *Andrews vs. Murray,* 33 *Barbour,* 354; *Shaler and
Hall Quarry Co. vs. Bliss,* 34 *Barbour,* 309; *Boughton vs.
Otis,* 21 *N. Y.,* 261; *Squire vs. Brown,* 22 *How. Pr. R.,* 45;
*Halsey vs. McLean,* 12 *Allen,* 438; *Lawler vs. Burt,* 7 *Ohio
State Rep.,* 341; *Derrickson vs. Smith,* 3 *Dutcher,* 166; *The
Harrisburg Bank vs. Commonwealth,* 26 *Penn.,* 451.

In *Halsey vs. McLean* and *Derrickson vs. Smith,* it was held
that in such cases, the liability can only be enforced in the
State enacting the statute.

In each of these cases the suit was brought against the
trustees of a manufacturing corporation created under the
law of New York, which required the corporation to make
and publish a report at a certain time annually, signed and
verified as prescribed, stating the amount of its capital and

of the proportion actually paid in, and the amount of its existing debts; and enacted that "if any of said companies shall fail so to do, all the trustees of the company shall be jointly and severally liable for all the debts of the company then existing, and for all that shall be contracted before such report shall be made."

In construing the statute, the Supreme Courts of Massachusetts and New Jersey, decided that the liability of the trustees, was in the nature of a penalty imposed on them for a violation of official duty, and could not be enforced out of the limits of New York.

The counsel for the appellant in their argument endeavored to distinguish the cases of *Halsey vs. McLean* and *Derrickson vs. Smith*, from the case before us, upon the ground that under the New York statute the liability of the trustees was not contemporaneous with the creation of the debts; but arose from a subsequent breach or failure of duty on their part.

This is true so far as regards the existing debts of the corporation created before the failure to make the report. But the statute makes them liable in the same way for any debts they may contract after the failure to report, and before such report shall be made; it is clear that under this last provision the liability of the trustees would arise at the time of creating the debts; and yet in the cases no distinction is made as to the nature of the liability under the statute for existing debts, and for such as might be contracted after the breach of duty had been committed.

It is manifest that the responsibility imposed by the statute upon the trustees is of the same kind for both classes of debts; and that it arises not out of the contract by which the debts are created, but from matters entirely collateral thereto, and resting entirely on the provisions of the statute.

In *Lawler vs. Burt*, 7 *Ohio*, 341, the suit was by a creditor of the corporation against the individual stockholders to enforce a liability, which arose as follows:

By a statute of March, 1839, it was enacted that every corporation, except an incorporated bank, that shall issue notes designed to circulate as money, shall be deemed an unauthorized bank, within the meaning of the Act of January 27th, 1816.

By the 11th section of the Act of January 27th, 1816, it was enacted that every stockholder, shareholder or partner hereafter interested in any such bank, shall be jointly and severally answerable in their individual capacity for the whole amount of the bills, bonds, notes and contracts of such bank, &c.

By the 12th section the holder of the notes was authorized to institute suit and recover judgment thereon against any part or the whole of the persons who were interested in such bank at the date of such notes, &c.

The case came within these provisions and the plaintiff sued as holder of the notes. The defendants plead the Statute of Limitations, and the question before the Court was whether the case fell within those provisions of the statute relating to actions upon contracts, or those which limited the time for suits to recover penalties and forfeitures. It was decided that the liability was in the nature of a penalty and did not arise upon contract. That case was in principle very analogous to the case before us. There it was argued that the individual responsibility of the defendants upon the notes existed under the statute at the time of their issue, and that they were bound in the same manner as if they had been the makers of the notes. But that argument did not prevail, the Court held that the liablility under the statute was for a *tort* and not in contract.

The case of *Kritzer vs. Woodson,* 19 *Missouri,* involved the question of the nature of the liability of directors of a corporation, under a statutory provision, exactly like the one before us. The statute declared " that the whole amount of debts of any corporation, except banking companies, shall not exceed the amount of its capital stock actually paid in, and in

case of any excess, the directors under whose administration it shall happen, shall be jointly and severally liable, to the extent of such excess, for all the debts of the company then existing, and for all that shall be contracted, so long as they shall respectively continue in office, and until the debts shall be reduced to the said amount of the capital stock."

The suit was against the directors to recover the excess, and the Court decided that the liability imposed by the statute was in the nature of a penalty. The question arose, as in *Lawler vs. Burt,* under the plea of the Statute of Limitations and was decided in the same way. That decision, as it was made upon a statute in the same terms as the one now under consideration, is directly in point, and so far as it may be taken as authority supports the position of the appellees in this case.

We will conclude our reference to decided cases by citing the decision of the Supreme Court of Pennsylvania in *Hill vs. Frazier,* 22 *Penn.,* 320. That being the ruling by the Court of last resort in the State in which the statute before us was enacted, upon the construction of a statutory provision somewhat analogous, is entitled to great weight in determining the present case.

There the suit was brought against a director of a manufacturing company to recover a debt due by the company.

By section 14 of the Act of April 7, 1849, it was provided that "dividends of so much of the profits of any such company, as shall appear advisable to the directors, shall be declared in the months of June and December annually, and paid to the stockholders or their legal representatives, at any time after the expiration of ten days from the time of declaring the same; but the dividends shall in no case exceed the amount of the net profits actually acquired by the company, so that the capital stock shall never be impaired thereby, and if any dividend shall be declared and paid which shall impair the capital stock of said company, the directors consenting thereto shall be jointly and severally liable in their individual

capacities for all the debts of the company then existing, and all that shall thereafter be contracted so long as they respectively continue in office." (Then follows a proviso not material to be noticed.) *Purdon's Digest,* 692, 693.

In *Hill vs. Frazier* the question of the nature of the liability of a director under this statute was considered. The plaintiff was a creditor of the company, and had assigned his claim to Eldred, for whose use the suit was instituted. It was contended on the part of the defence that being for a penalty the claim was not assignable, to this it was answered by the Court, (page 324,) " that we see nothing in the nature of the claim itself which prevented the holder from assigning it. It was not, as the defendant insists, a mere penalty. It was a debt due from the company to Frazier, which he might transfer like any other debt, and the assignee was entitled to all the remedies for its recovery which the original creditor would have had." This point involved the right of the assignee, and it was decided that the thing assigned was not a mere penalty, but a debt of the company, in its nature assignable.

In the same case a question arose as to the competency of the stockholders as witnesses for the plaintiff; and in disposing of that question the Court considered the nature of the defendant's liability, and decided that they were incompetent, because by a recovery against the defendant " they would be forever clear of it." " The defendant," say the Court, " has no right of subrogation. He is sued as a wrongdoer, and wrongdoers have no recourse over against those in *pari delicto,* or against any body else." (Page 323.)

That decision conclusively shows that the Court in construing the statute before them, held that the liability of the director was not one arising upon contract, but one imposed upon him by the statute as a wrongdoer, and therefore in the nature of a penalty.

When we examine the provision of the statute now under consideration we are struck with the very close analogy be-

tween it and the law construed in *Hill vs. Frazier;* there the liability of the director arose from his consenting to the declaring of a dividend exceeding the amount of the net profits actually acquired by the company; here the liability arises from consenting to contract debts exceeding the amount of the capital stock actually paid in. In each case the liability is one created entirely by the statute and imposed on the directors as wrongdoers.

It appears in the report of *Hill vs. Frazier* that the debts of the company there sued on were contracted after the unlawful dividend had been declared; and therefore the liability of the defendant under the statute accrued at the time the debts were contracted. The case is in many respects very analogous to this; and we think is a strong authority in support of the conclusion we have reached as to the true construction of the statute of March 30th, 1860. By that law the directors are forbidden to contract debts of the corporation exceeding the amount of its capital stock actually paid in, and if they do so they are made liable individually for the excess. This liability does not arise upon any contract to which the directors are parties; but is altogether statutory imposed on them as wrongdoers, and in its nature penal, and as such can only be enforced within the State where the statute operates.

In our opinion the judgment of the Court below is correct and ought to be affirmed.

*Judgment affirmed.*

(Decided 20th January, 1871.)