PEOPLE OF THE STATE OF NEW YORK, RESPONDENT, v.
COE MANUFACTURING COMPANY, APPELLANT.

Submitted February 16, 1934—Decided April 12, 1934.

For the appellant, *Paul Koch* (*John M. Dickinson*, on the brief).

For the respondent, *Bilder, Bilder & Kaufman* (*Samuel Kaufman* and *Daniel G. Kasen*, of counsel), *John J. Bennett, Jr.*, attorney-general of New York State, *Henry Epstein*, solicitor-general of New York State.

The opinion of the court was delivered by

LLOYD, J. The State of New York recovered a judgment in the Supreme Court of that state for a franchise tax imposed by its laws upon foreign corporations doing business within the state. On that judgment the present action was instituted.

The answer filed here by the defendant, a corporation of this state, was to the effect that the New York court was without jurisdiction; that the statute did not contemplate liability *in personam;* that the State of New York was without power to levy the assessment or tax on property outside of that state; that it was without right to enforce the tax as a personal liability, and that the action was to enforce the payment of a penalty—an action that could not be maintained outside the State of New York. On motion the answer was stricken out and judgment entered for the plaintiff.

The defendant appeals and rests its prayer for reversal on the single proposition that the claim is based on penalties which cannot be prosecuted here. The respondent contends that the action is not to recover penalties within the rule contended for by the appellant, and also claims that regardless of the nature of the claim, under the full faith and credit clause of the federal constitution, the door is not open to the appellant to now raise the question.

It is undoubtedly true that penalties imposed by the penal laws of a state cannot be enforced in another jurisdiction. This fundamental rule was declared by the Supreme Court of the United States as early as the case of the *Antelope,* 10 *Wheat.* 64, when Chief Justice Marshall said, "the courts of no country execute the penal laws of another." It has been reiterated many times and copiously discussed in *Huntington* v. *Attrill,* 146 *U. S.* 657.

The statute upon which the New York action was based provided for the payment of a franchise tax imposed for the privilege of conducting business in the State of New York by a foreign corporation, the tax to be paid annually and to be computed on the basis of its entire net income. A procedure section provided that an action might be brought

at any time to recover the amount of the tax, penalties and interest.

To the action in New York the defendant appeared and the court of that state thereby obtained jurisdiction of its corporate person, and that it had jurisdiction of the subject-matter seems not to be, and indeed cannot be, questioned. When the court of that state with complete jurisdiction entered judgment on the claim its interpretation of the laws of the state conclusively established their object and meaning.

The full faith and credit clause of the federal constitution as invoked presents an interesting field for discussion. It has been the subject of numerous decisions in the Supreme Court of the United States to determine its scope and effect. In recent years its scope and binding force have perhaps been more generally recognized than was the case at another period of our national life. *Wisconsin* v. *Pelican Insurance Co.,* 127 *U. S.* 265; *Fauntleroy* v. *Lum,* 210 *Id.* 230. Whether, when a case of this exact type shall be presented to the Supreme Court for adjudication, it shall be determined that, even as to penalties based upon purely penal statutes when adjudicated in the courts of the state enacting such laws, such adjudications are conclusive and binding on the sister states, it is not necessary, we think, to anticipate.

Assuming that it is open to the defendant to question the right of the State of New York to invoke in the courts of this state the enforcement of that judgment, if in point of fact it should be determined that it is the enforcement of a penal statute, we think the record fails to disclose that the statute is penal in its nature.

In *Huntington* v. *Attrill, supra,* it is said that "penal laws, strictly and properly, are those imposing punishment for an offense committed against the state. * * * The test whether a law is penal is whether the wrong sought to be redressed is a wrong to the public or a wrong to the individual." The wrong in this case is to the state as an individual and not to the public as an injured party.

The right of the State of New York to exclude corporations of other states cannot be open to question, and its right to

admit such corporations for the transaction of business within its borders upon such terms as it deems wise is likewise not open to question. When, therefore, as a privilege of transacting its business therein the state exacted for that privilege a franchise tax or sum of money proportioned to the earning power of the corporation, it was wholly within its rights. *Bass, Ratcliff & Gretton* v. *State Tax Commission,* 266 *U. S.* 271. It was then optional with the corporation to avail itself of the privilege accorded or to refrain from doing so. When it did avail itself of the opportunity thus afforded it did so under the implied obligation that it would comply with the conditions upon which it was permitted to enter.

Its own action carried with it, under the interpretation as given to the statute by the courts of that state (binding here) the obligation to personally see that the license fees or franchise taxes were paid. It could not accept the benefits without incurring the burdens. It is true the statute imposed certain penalties for failure to comply with the obligation thus assumed, but these were nothing more than the obligation frequently imposed in ordinary contracts between individuals and became as it were liquidated damages for the breach.

The State of New York, having in its own court recovered judgment against the appellant (the appellant having been personally served and present therein), jurisdiction of the person was obtained. When it was there determined that the statute imposed a personal liability upon the corporation it was the construction by the court of that state of its own laws. Having been so determined the appellant was concluded on those two phases of the litigation and could not thereafter deny jurisdiction either of the subject-matter or of the person; nor could it assert another interpretation of the act.

Our added view is that even though the door to contend that the statute creates penalties which may not be enforced outside the State of New York be open to the appellant in this state (which may be debatable) the action was not to collect such penalty, but to collect a debt which the appellant had impliedly agreed to pay.

If such claims as are here presented were not enforcible against foreign corporations wherever found the states of the union would be subject to grave wrongs from without, inasmuch as corporations establish important connections in states other than those of their incorporation, and transact large business therein without the investment of a dollar or the placing of tangible property within their borders whereby redress may be had against corporations in default.

The judgment is affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, LLOYD, BODINE, DONGES, HEHER, VAN BUSKIRK, HETFIELD, DEAR, WELLS, DILL, JJ. 13.

*For reversal*—CASE, PERSKIE, KAYS, JJ. 3.