Desmond, J.
The principal law question on this appeal — and the only one we need answer—is as to whether the cause of action under section 205-a of the General Municipal Law set forth in the amended complaint is one for a penalty and so barred by the three-year limitation prescribed by subdivision 3 of section 49 of the Civil Practice Act. Plaintiff argues that in his amended complaint he does not sue for a penalty but declares on “ a liability created by statute ” and accordingly that his suit is subject only to the six-year limitation of subdivision 2 of section 48 of the Civil Practice Act.
On December 23, 1951 plaintiff, a member of the New York City Fire Department, was injured while helping to put out a fire in a Brooklyn building owned by defendant. In January, 1954 plaintiff served on defendant a summons and original complaint, the allegations of which charged negligence but which did not mention section 205-a of the General Municipal Law. We are not now directly concerned with that original complaint which was dismissed in March, 1956 for insufficiency. Leave to amend within 10 days was granted but no amended complaint was served until May, 1956, four years and five months after the accident. The amended complaint set out a cause of action under section 205-a of the General Municipal Law, hereafter discussed. Defendant’s motion to dismiss it because not begun within three years from the accrual of the action was denied by Special Term but granted by the Appellate Division. We hold that the six-year limitation is the one applicable and that the amended complaint should not have been dismissed.
*257 Section 205-a of the General Municipal Law is headed: “ Additional right of action to certain injured and representatives of certain deceased firemen.” Omitting language not applicable here, the section reads as follows:
‘ ‘ In addition to any other right of action or recovery under any other provision of law, in the event any accident, causing injury * * * occurs directly or indirectly as a result of any neglect, omission, wilful or culpable negligence of any person or persons in failing to comply with the requirements of any of the statutes, ordinances, rules, orders and requirements of the federal, state, county, village, town or city governments * * * the person or persons guilty of said neglect, omission, willful or culpable negligence at the time of such injury shall be liable to pay any officer, member, agent or employee of any fire department injured * * * while in the discharge or performance of any duty imposed by the * * * superior officer of the fire department * * * not less than one thousand dollars * * * such liability to be determined and such sums recovered in an action to be recovered by any person injured * * * as aforesaid.”
The amended complaint sufficiently pleads a case under that statute since it states that plaintiff while fighting a fire in defendant’s building was injured as the result of defendant’s violation of section 019-161.1 of the New York City Administrative Code which forbids under certain circumstances the use of draperies or curtains made of combustible materials.
Subdivision 2 of section 48 of the Civil Practice Act requires that there be brought within six years ‘ ‘ An action to recover upon a liability created by statute, except a penalty or forfeiture.” Subdivision 3 of section 49 of the Civil Practice Act subjects to a three-year limitation “An action upon a statute for a penalty of forfeiture where the action is given to the person aggrieved or to that person and the people of the state, except where the statute imposing it prescribes a different limitation.” A suit under section 205-a is of course “ an action under a statute ” (see Schmidt v. Merchants Desp. Transp. *258 Co., 270 N. Y. 287, 303-306). The only question is whether it is an action for a penalty. We hold that it is not.
The words ‘ ‘ penalty or forfeiture ’ ’ when used in a Statute of Limitations refer to something imposed in a punitive way for an infraction of a public law and do not include a liability created for the purpose of redressing a private injury, even though the wrongful act be a public wrong and punishable as such (Meeker v. Lehigh Val. R. R. Co., 236 U. S. 412, 423). In Huntington v. Attrill (146 U. S. 657, 668) the Supreme Court, citing several instances of statutorily doubled and otherwise enhanced damages, said that “‘where a statute gives accumulative damages to the party grieved, it is not a penal action. ’ ” It is the intrinsic nature of the exaction that counts and a section 205-a suit is essentially one for compensation to a person injured through a defendant’s fault. The successful plaintiff is awarded his proven damages with a minimum recovery of $1,000. That the recovery may exceed in some instances the actual loss does not make the liability truly penal in nature, any more than it did in Cox v. Lykes Bros. (237 N. Y. 376 [suit on a statute giving a seaman two days’ pay for each day’s wages withheld]). Doubling the amount of workmen’s compensation (Workmen’s Compensation Law, § 14-a) is held not to be the imposition of a penalty (Bogartz v. Astor, 293 N. Y. 563; Matter of Sackolwitz v. Hamburg & Co., 295 N. Y. 264). Similar holdings have been made as to the limitations applicable to suits for overtime, attorney’s fees, etc., under the Federal Fair Labor Standards Act (Walsh v. 515 Madison Ave. Corp., 293 N. Y. 826; Asselta v. 149 Madison Ave. Corp., 65 F. Supp. 385, affd. 156 F. 2d 139, affd. 331 U. S. 199). In each of these cited decisions the courts ruled out “penalty” by applying the true test of whether impressed for punishment or for redress of injury to an individual. A similar test has been applied by the New York courts in regarding as penalties arbitrary exactions, unrelated to actual loss, such as those enforced in Dodge v. Cornelius (168 N. Y. 242), Bell v. Gibson (71 App. Div. 472) and Verona Cent. Cheese Factory v. Murtaugh (4 Lans. 17).
Of course, it is true as was said in Gannon v. Royal Properties (285 App. Div. 131, affd. 309 N. Y. 819) that a section 205-a suit is “ quasi-penal ” since in one sense the recovery “ penal *259 izes ” the violator of a safety law. But the Gavmon case had nothing to do with the Statute of Limitations applicable to such suits.
Since we are holding that plaintiff’s amended complaint was served within the prescribed time we need not consider or pass on his other contention that the allegations of the amended complaint merely amplify or restate those of the original complaint and so are saved from dismissal by section 23 of the Civil Practice Act.
The judgment appealed from should be reversed, with costs in this court and in the Appellate Division, and the matter remitted to Special Term for further proceedings in accordance with the opinion herein.
Chief Judge Conway and Judges Dye, Fuld, Froessel, Van Voorhis and Burke concur.
Judgment reversed, etc.