## ROOSEVELT E. MURRAY *v.* STATE OF MARYLAND

[No. 1071, September Term, 1974.]

*Decided July 1, 1975.*

The cause was submitted on briefs to MOYLAN, MENCHINE and LOWE, JJ.

Submitted by *Stephen L. Miles, Assigned Public Defender,* for appellant.

Submitted by *Francis B. Burch, Attorney General, Leroy Handwerger, Assistant Attorney General, Charles E. Wehland, State's Attorney for Howard County,* and *Lisa Mervis, Assistant State's Attorney for Howard County,* for appellee.

LOWE, J., delivered the opinion of the Court.

While confined at Patuxent Institute Roosevelt E. Murray assaulted a female employee, a fact he later admitted at trial. The information charged that the incident occurred April 28, 1973; however, an information charging assault and battery was not filed until May 3, 1974. Trial was held six months later on November 6, 1974.

His appeal from a conviction by a jury of the Circuit Court for Howard County, presided over by Judge James Macgill, questions nothing of substance in the trial at which he was convicted of assault. His complaints rest upon denial of two preliminary motions and the absence of procedural advice from the judge of his right to testify or to decline to do so. Since we will reverse on the question of limitations we need not discuss the other two questions which were without merit in any event.

## Penitentiary Offense

The issue with which we find ourselves in accord is appellant's contention that the statute of limitations ran out five days before he was charged with assault, whether measured in terms of Md. Code, Art. 57, Sec. 11:

> "No prosecution or suit shall be commenced for any fine, penalty or forfeiture, or any misdemeanor, *except those punished by confinement in the penitentiary,* unless within one year from the time of the offense committed; except that prosecutions for violations of Secs. 110 and 111 of Article 66½ of the Code, as amended from time

to time, may be brought within two years from the time the offense is committed." [Emphasis added],

or its revised version now in Cts. Art. 5-106:

"(a) *One year.* — Except as provided by this section, a prosecution for a misdemeanor not made punishable by confinement in the penitentiary by statute shall be instituted within one year after the offense was committed."

Honed to a fine edge, appellant's argument is that assault does not fall under the exception because it is a common law crime for which there is no *statutory* provision for punishment in the penitentiary. He claims that

"because there is no statutory provision explicitly setting the punishment for those convicted of assault and/or battery, they are both non-penitentiary misdemeanors, and as such, are subject to the one (1) year statute . . ." citing *Archer v. State,* 145 Md. 128 and *State v. Michael,* 2 Md. App. 750.

The State contends that the exception to the Sec. 11 one year limitations period applies to *any* misdemeanor the punishment for which *may be* confinement in the penitentiary. In order to invoke the exception, it is sufficient in the State's view that confinement in the penitentiary be among the penal alternatives for the offense charged. It reminds us that in *Davis v. State,* 18 Md. App. 378, 383 we said:

"Code (1957) Art. 57, Sec. 11 provides a statute of limitations of one (1) year for all misdemeanors except those *punishable* by confinement in the penitentiary." [Emphasis added].

And in *Duvall v. State,* 5 Md. App. 484, 488 we wrote:

"More specifically there is authority holding that Section 11 of Article 57 which limits prosecutions for misdemeanors 'except those punished by

confinement in the penitentiary' to one year is properly interpreted by viewing the word 'punished' to mean 'punishable' by confinement in the penitentiary. See *Schaumloeffel v. State*, 102 Md. 470. Accordingly, while the crime of escape need not be punished by confinement in the penitentiary (incarceration in jail or the House of Correction also being authorized), it is in any event *punishable* by confinement in the penitentiary, and therefore not barred from prosecution after one year under the statute."

The State has mistakenly extended the language in this *Davis dictum* beyond its factual context and constructed a semantic strawman thereby. The holding in *Duvall* was confined to *statutory* punishments for misdemeanors where the statute prescribed penitentiary confinement as one alternative *among others* available to the sentencing judge. In that context, we held that it did not matter that, under the terms of the statute, the defendant might not actually be sentenced to confinement in the penitentiary, as long as the statute made some express provision for the penitentiary alternative. If the statute so provided, it made the defendant "punishable" by penitentiary confinement and the statute of limitations did not apply.

The Court of Appeals spoke on the precise question in *Archer*, 145 Md. at 136-138. It dealt with the effect of a statute upon Art. 57, Sec. 11 and consequently had to pass the threshold question we now face, *i.e.*, whether a common law misdemeanor for which sentence might be directed to be served at the penitentiary falls under the penitentiary exception to Sec. 11. The Court said

"Common law misdemeanors are not *'punished* by confinement in the penitentiary' in the sense of the above section . . . ." *Id.* at 136.

After deciding that the statute in question (allowing the prison board to transfer persons from house of corrections to penitentiary and vice versa) did not bring all misdemeanors

"punished by confinement in the penitentiary" within the exception of Sec. 11, the Court said:

> "We are clearly of the opinion that section 11 of article 57 means *now* just what it meant before the passage of the Acts of 1916 and 1918, and that the prosecution of persons charged with conspiracies or other misdemeanors not 'placed along with felonies' by the grades of punishment fixed *for them* by the common law or by statute, must be begun within one year from the date of the conspiracy." [1]

While the language of *Archer* upon which we rely appears as judicial dictum it was so authoritatively stated that we followed it [2] in *Michael*, 2 Md. App. at 753 stating that *Archer*

---

1. Although the trial judge in his opinion was steered off course by the broad terms of Duvall, he sensed a provoking question in the Archer language. He said:

> "The question, I think, is whether the common law fixed a grade of punishment for those offenses, that is, of assault and battery. Maryland under the common law does permit and authorize punishment for assault and battery by confinement in the penitentiary, and I guess one of the leading cases is Roberts vs. the State, 206 Md. 246."

Roberts does not directly authorize confinement to the penitentiary for assault and battery although its general discussion of the absence of a common law time limitation on confinement could be read as supporting the penitentiary argument. We think Duvall and Archer together say what was said in Michael, *i.e.*, that penitentiary confinement must be prescribed (even if alternatively) not merely permitted *sub silentio*.

The use of the phrase "placed along with felonies" enclosed in quotes but without attribution, sheds some additional light on the Archer court's reasoning. An "infamous crime" at common law, whether or not a misdemeanor, was considered to be one which, among other things, "rises at least 'to the grade of felony' " Garitee v. Bond, 102 Md. 379, 384 citing Evans v. Bonner, 2 H. & McH. 377. (E.g., perjury was a common law misdemeanor although it carried the brand of infamy, the penalty for which was "antiently death; afterwards Banishment, or cutting out the tongue; then forfeiture of goods and now [in Blackstone's time] it is fine and imprisonment and never more to be capable of giving testimony." Perkins Criminal Law (2nd ed.), 453 citing 4 Bl. Comm. 138). It was thus that common law " 'placed [misdemeanors] along with felonies' by the grades of punishment fixed *for them* by the common law . . . ."

2. We note that the Attorney General has also cited Archer in 55 Op. Att'y. Gen'l. 377, 378 for the premise that the intent of the exception in Sec. 11, was limited to removing from the one year limitation those misdemeanors " 'classified' as felonies."

"held that a conspiracy was a common law misdemeanor *for there was no prescribed place of confinement* and therefore the one year limitation period under Article 57, Section 11 was applicable." [Emphasis added].

We think it clear that *Archer* and *Michael* expressly held that as to common law misdemeanors for which there was no *prescribed* place of confinement or express *statutory classification* designating the infamous punishment of a penitentiary offense, *Cf. Ex Parte Mills,* 135 U. S. 263, the exception in Md. Code, Art. 57, Sec. 11 is not applicable.

In its revision of Art. 57, Sec. 11 now in Cts. Art., 5-106 (a), the Legislature has clarified the issue by expressly limiting the exception to misdemeanors "made punishable by confinement in the penitentiary by statute . . . ." [Emphasis added]. The Revisor's Note explaining what changes were made states in pertinent part:

"Subsections (a) and (b) are new language derived from Article 57, Sec. 11. This section applies to all misdemeanors including common-law misdemeanors but excluding misdemeanors made punishable by imprisonment in the penitentiary by statute."

These notes were part of the legislation enacting the revisions explaining *to* the legislators not only what changes were effected but what *their* expressed intention was in changing the wording. Here the language of the act as well as the Revisor's Note makes it clear that the Legislature intended for the future that which we here read *Duvall* and *Archer* as having done in the past.

## Conclusion

The information appearing to be the first prosecutorial act, having been filed five days beyond the one year statute of limitations the State's right to proceed was terminated.

Appellant's motion to dismiss the information should have been granted.

*Judgment reversed.*
*Information dismissed.*
*Costs to be paid by How-*
*ard County.*