545 A.2d 708

**Geraldine WILLIAMS, et vir.**

**v.**

**STANDARD FEDERAL SAVINGS AND LOAN ASSOCIATION, et al.**

No. 1654, Sept. Term, 1987.

Court of Special Appeals of Maryland.

Aug. 8, 1988.

Certiorari Denied Oct. 11, 1988.

---

Daniel Blum (Louis Fireison and Louis Fireison & Associates, P.A., on the brief), Bethesda, for appellants.

James J. Gorney (Richard A. Kramer and Richard A. Kramer & Associates, Chtd., on the brief), Oxon Hill, for appellees.

Argued before WILNER, KARWACKI and WENNER, JJ.

KARWACKI, Judge.

On October 31, 1986, Geraldine Williams and Woodrow Williams, the appellants, filed suit in the Circuit Court for Montgomery County against Standard Federal Savings and Loan Association and its subsidiary, Century Mortgage Company, Inc., the appellees, alleging their violation of the Secondary Mortgage Loan Law—Credit Provisions, Md. Code (1973 Repl.Vol.), § 12–401 et seq. of the Commercial Law Article (hereafter SMLL) in connection with loans made to appellants on October 31, 1983. Appellants sought recovery of all interest, costs and other charges collected by

appellees in connection with the loans pursuant to Md.Code, *supra,* the Commercial Law Article which provides:

§ **12–413 Civil penalties.**

Except for a bona fide error of computation, if a lender violates any provision of this subtitle he may collect only the principal amount of the loan and may not collect any interest, costs, or other charges with respect to the loan. In addition, a lender who knowingly violates any provision of this subtitle also shall forfeit to the borrower three times the amount of interest and charges collected in excess of that authorized by law.

In addition to denying liability generally, appellees' answer to appellants' complaint asserted that their claim was time barred by Md.Code (1984 Repl.Vol.) § 5–107 of the Courts & Judicial Proceedings Article which states:

A prosecution or suit for a fine, penalty, or forfeiture shall be instituted within one year after the offense was committed.

Appellees' motion for summary judgment on the ground of that statute of limitations was granted and this appeal ensued.

At the hearing on appellees' motion for summary judgment the facts material to the limitation issue were not disputed. Appellee Century Mortgage Co., Inc. made two loans to appellants on October 31, 1983, in the aggregate principal amount of $200,000. Each loan was secured by a deed of trust executed by appellants creating liens against their residence, which property was already subject to an existing deed of trust securing a loan in the amount of $25,000 made to them by Ralph D. Kaiser Co., Inc. At the closing on the loans made to appellants on October 31, 1983, they were charged points in excess of those permitted by §§ 12–404.1, 12–405 and 12–411 of the Commercial Law Article. Appellants conceded that this violation of the SMLL by Century Mortgage Co., Inc., was not done "knowingly." Consequently, appellants did not seek to recover "three times the amount of interest and charges collected in excess of that authorized by law" as provided by Md. Code,

*supra,* § 12–413 of the Commercial Law Article. Rather, their claim was limited to recovery of all amounts they paid in excess of their repayment of the principal amount of the loan.

In *Schmidt v. Beneficial Fin. Co.,* 285 Md. 148, 155–59, 400 A.2d 1124 (1979), the Court of Appeals found no ambiguity or obscurity in the Secondary Mortgage Loan Law with regard to its prohibition of excessive interest and other charges on transactions covered thereby. And we observed in *Duckworth v. Bernstein,* 55 Md.App. 710, 724, 466 A.2d 517 (1983):

> It is a law intended to guard the foolish or unsophisticated borrower, who may be under severe financial pressure, from his own improvidence. The law achieves this beneficent purpose by penalizing even the unwitting violator to the extent of limiting him to recovery of the principal amount of the loan. This is consistent with the strong Maryland policy against usury. *See Plitt v. Kaufman,* 188 Md. 606, 612, 53 A.2d 673 (1946 [1947]). It is also consistent with the legislative approach to consumer protection illustrated in *Brown v. Doug Griffith Dodge City,* 52 Md.App. 687, 452 A.2d 984 (1982).

The civil remedies available to a borrower whose rights under the SMLL have been violated by a lender are set forth in § 12–413 of the Commercial Law Article, *supra.* Even if the violation is unintentional, the lender is prevented from collecting any interest or other charges exacted by the borrower for the loan. Moreover, where the borrower can establish that the lender "knowingly" violated the SMLL provisions regulating the amount of interest and other charges imposed by the lender, the borrower may recover enhanced damages from the lender, i.e., "three times the amount of interest and charges collected in excess of that authorized by law."

Although § 12–413 of the Commercial Law Article is captioned "Civil penalties," this fact does not detract from the remedial nature of the rights therein conferred upon a

victim of a violation of the SMLL. That caption did not appear in the enactment of that section by the General Assembly. Chapter 390, § 69 of the Acts of 1967. When originally codified as Md.Code (1957, 1967 Cum.Supp.), Article 66, § 69, it was captioned "Violation—Penalties—Only actual amount of loan to be repaid lender; borrower to receive triple the excess paid over lawful charges." That caption was continued in Md.Code (1972 Repl.Vol.) Article 66, § 69. As part of the on-going process of Code revision in this State, the Commercial Law Article was adopted in 1975 and this section of the SMLL was codified in its present form with its present caption. These captions are mere catchwords and cannot be read to inject a legislative intent not expressed in the body of the law by the General Assembly. Md.Code (*1987 Repl.Vol.*), Article 1, § 18; *Montgomery County v. Eli*, 20 Md.App. 269, 275, 315 A.2d 136; *cert. denied*, 271 Md. 735 (1974).

The remedy which appellants pursued under § 12–413 of the Commercial Law Article was for their private benefit as recompense for the wrong they had suffered as a result of appellees' failure to heed the restrictions of the SMLL. To determine whether appellants' suit was one "for a fine, penalty or forfeiture" within the meaning of § 5–107 of the Courts & Judicial Proceedings Article we look first to the language of the statute itself. *Bledsoe v. Bledsoe*, 294 Md. 183, 189, 448 A.2d 353 (1982). We discern from that language no clear expression of legislative intent to subject a suit by a wronged borrower seeking recovery under the SMLL of only the interest and other charges illegally exacted from him by a lender to a one year limitation rather than the three year limitation applicable to civil actions generally under § 5–101 of the Courts & Judicial Proceedings Article. Therefore we examine the history of § 5–107 as an aid to its construction. *Bledsoe v. Bledsoe, supra; Crawley v. General Motors Corp.*, 70 Md.App. 100, 105–06, 519 A.2d 1348, *cert. denied*, 310 Md. 147, 528 A.2d 473 (1987).

The language of § 5–107 of the current Courts & Judicial Proceedings Article can be traced to an Act of the General Assembly passed on April 20, 1777:

An ACT to direct in what manner all fines, forfeitures and penalties, shall be recovered, and in what manner fines, forfeitures, penalties and amerciaments, shall be applied.   Lib.GR.fol. 27.   Be it enacted, *by the General Assembly of Maryland,* That all fines, penalties and forfeitures, which shall hereafter be inflicted and imposed by any of the laws now in force, and no mode of recovery or application shall be directed, shall and may be recovered in manner following, to wit:  Where the sum doth not exceed five pounds current money, the same shall and may be recovered, with costs, in the name of this state and the informer, before any one justice of the peace of the county where the offence shall be committed;  and where the sum exceeds five pounds current money, the same shall and may be recovered, with costs, in the county court of the county where the offence shall happen, by indictment, in the name of this state, or by action of debt in the name of this state and the informer, in which it shall be sufficient to allege that the defendant is indebted to this state and the informer in the fine, penalty or forfeiture, by this act directed and imposed, whereby action accrued, without setting forth the special matter, provided the cause of action be endorsed on the writ at the time of the issuing thereof;  and where any fine, penalty or forfeiture, shall be recovered before a justice of the peace, such justice shall either commit the offender to the public goal till payment to the sheriff of the county, or by warrant to any constable, shall direct and order the same to be levied, with the costs of execution, on the offender's goods or chattels, and shall annually return to the treasurer of his shore a list of the fines, penalties or forfeitures, recovered before him;  and the constable collecting the same shall, on the receipt thereof, pay one half to the informer, and the other half to the sheriff of his county, who shall pay the same to the

treasurer of his shore for the use of this state; and if the fine, penalty or forfeiture, shall be recovered by indictment, the court before whom such recovery shall happen, shall either commit the offender to the public goal till payment to the sheriff, or may order execution to levy the same, with the costs of the execution, on the offender's lands, goods or chattels, and the sheriff receiving or collecting the same, shall pay the same to the treasurer of his shore where such recovery shall happen, for the use of this state; and if recovered by action of debt, the same shall be paid by the sheriff receiving or collecting the same, one half thereof, with the costs, to the informer, and the other half to the treasurer of the shore where recovered, for the use of this state; and *no prosecution or suit shall be commenced for any fine, penalty or forfeiture, unless within one year from the time of the offence committed.* (Emphasis supplied.)

Ch. 6 of the Acts of 1777.

Similar language appears in Ch. 74, § 34 of the Acts of 1801, prohibiting justices of the peace from collecting fees not specified therein and providing that on violation thereof that the justice "shall forfeit one hundred dollars for each such offense, but such justice shall not be liable to prosecution after twelve months from the time of the offense committed."

The first codification of the statutory law of this State was the Maryland Code of 1860 adopted by Ch. 1 of the Acts of 1860 pursuant to the direction of Article III, § 17 of the Constitution of 1851 which provided in pertinent part:

The style of all laws of this State shall be, *"Be it enacted by the General Assembly of Maryland,"* and all laws shall be passed by original bill, and every law enacted by the legislature shall embrace but one subject, and that shall be described in the title, and no law or section of law shall be revived, amended, or repealed by reference to its title or section only, and it shall be the duty of the legislature, at the first session after the adoption of this constitution, to appoint two commission-

ers, learned in the law, to revise and codify the laws of this State; and the said commissioners shall report the said code, so formed, to the legislature, within a time to be it determined, for its approval, amendment, or rejection; and, if adopted after the revision and codification of the said laws, it shall be the duty of the legislature, in amending any article or section thereof, to enact the same as the said article or section would read when amended.

Md.Code (1860), Article 57, § 10 codified the limitations on prosecutions or suits for any fine, penalty or forfeiture which were enacted by Ch. 6 of the Acts of 1777, *supra*, and Ch. 74 of the Acts of 1801, *supra*. That section provided:

> No prosecution or suit shall be commenced for any fine, penalty or forfeiture, or any misdemeanor except those punished by confinement in the penitentiary, unless within one year from the time of the offense committed.

The identical language appears in the subsequent codifications of the statutes governing limitations of actions. Md.Code (1888) Article 57, § 10; Md.Code (1904), Article 57, § 11; Md.Code (1911), Article 57, § 11; Md.Code (1924), Article 57, § 11; Md.Code (1939), Article 57, § 11; Md.Code (1951), Article 57, § 11; Md.Code (1957), Article 57, § 11. In 1970, the General Assembly amended Article 57, § 11 "to increase the time for prosecution of certain misdemeanors." Chapter 683 of the Acts of 1970. The new language read:

> No prosecution or suit shall be commenced for any fine, penalty or forfeiture, or any misdemeanor, except those punished by confinement in the penitentiary, unless within one year from the time of the offense committed; *except that prosecutions for violations of Sections 110 and 111 of Article 66½ of the Code, as amended from time to time, may be brought within two years from the time the offense is committed.* (Emphasis supplied.)

In the Code revision which resulted in the adoption of the Courts & Judicial Proceedings Article, the limitation on a prosecution or suit for a fine, penalty or forfeiture was

separated from the limitation on prosecution for misdemeanors, the former provision being codified as § 5–107 and the latter as § 5–106 of that Article. Ch. 2, § 1 of the Acts of 1973 (1st Sp.Sess.). The revisor's note explains that the language of § 5–107 was derived from the "quasi-criminal portion of Article 57, § 11. It is separated from the misdemeanor provisions to avoid having one section deal with both criminal and non-criminal subjects." It appears from this history of the statute of limitations now codified as § 5–107 of the Courts & Judicial Proceedings Article that it has always been considered as applicable only to suits brought on behalf of the State to enforce the State's penal laws for its financial benefit.

Although the case law construing the one year statutory limitation contained in § 5–107 and its precursors is sparse, our appellate courts have not recognized a private right of action to enforce a private remedy as subject to the statute. In *The President, Managers, and Company of the Washington and Baltimore Turnpike Road v. State of Maryland*, 19 Md. 239 (1862), *aff'd* 70 U.S. (3 Wall.) 210, 18 L.Ed. 180 (1865), the State sought forfeiture of the charter of a turnpike company alleging that the company's management "willfully and for a long time" had neglected to maintain the road in good repair in violation of their chartered obligations. The turnpike company defended on the ground, *inter alia,* that the State's suit was time barred by Md.Code (1860), Article 57, § 10, the "want of repair of defendant's road existing more than one year before the commencement of this prosecution." The Court held that although a decision against the turnpike company would result in the forfeiture of its property, "yet it cannot be said that this is a suit for a fine or forfeiture within the meaning of this section of the Code." *Id.* at 294. The Court, referring to Ch. 6 of the Acts of 1777, *supra,* as disclosing "the meaning of the Code" held that the appellee was not confined to "evidence of want of repair within the year." *Id.* 294–95.

More recently, this Court has had the opportunity to consider the application of § 5–107 to disciplinary proceedings against a broker brought before the Real Estate Commission. *Nelson v. Real Estate Commission,* 35 Md.App. 334, 370 A.2d 608 (1977), *cert. denied,* 280 Md. 733 (1977). The Court determined that the statute did not apply to disciplinary proceedings for professional misconduct and that the proceedings were neither a "prosecution" or a "suit" within the meaning of the statute. *Id.* at 339–42, 370 A.2d 608. Judge Lowe, concurring, expressed the opinion that § 5–107, from its inception, was intended "to relate only to *monetary* 'fines,' *monetary* 'penalties,' and *monetary* 'forfeitures.'" He pointed out that Ch. 6 of the Acts of 1777, *supra,* dealt with money payments for wrongful acts.

The remaining cases in which § 5–107 was applied concerned prosecutions for misdemeanors. For example, *see, In re: James S.,* 286 Md. 702, 410 A.2d 586 (1980); *McMorris v. State,* 277 Md. 62, 355 A.2d 438 (1976); *Fletcher v. State,* 256 Md. 310, 260 A.2d 34 (1970); *Murray v. State,* 27 Md.App. 404, 340 A.2d 402 (1975); *State v. Hamilton,* 14 Md.App. 582, 287 A.2d 791 (1972); *State v. Michael,* 2 Md.App. 750, 237 A.2d 782 (1968).

Appellees urge an interpretation of the terms "fines, penalties and forfeitures" in § 5–107, which would include as civil penalties any private right of action created by statute. In support of this argument, appellees note that the General Assembly specified that the SMLL was enacted "to provide penalties for violations and to generally relate to secondary mortgage transactions and the regulation of persons in this business." Chapter 390 of the Acts of 1967. We reject that interpretation. The meaning of the terms, penalty and forfeiture, are far from inflexible and depend upon the context in which they are used. *Cf. Abbott v. Drs. Ridgik, Steinberg & Associates, P.A.,* 609 F.Supp. 1216 (D.N.J.1985); *Gordon v. Loew's, Inc.,* 247 F.2d 451 (3rd Cir.1957).

The Supreme Court directed that the words

"penalty or forfeiture" in the pertinent statute of limitation, Rev.Stat. § 1047, refer to something imposed in a punitive way for an infraction of a public law, and do not include a liability imposed for the purpose of redressing a private injury, even though the wrongful act be a public offense and punishable as such.

*Meeker & Co. v. Lehigh Valley RR*, 236 U.S. 412, 423, 35 S.Ct. 328, 332, 59 L.Ed. 644, 654 (1914). In ruling on the issues in a petition for forfeiture under Pennsylvania law, the Supreme Court pointed out that a forfeiture proceeding is quasi-criminal, "the object.... is to penalize for the commission of an offense against the law." *One 1958 Plymouth Sedan v. Pennsylvania*, 380 U.S. 693, 700, 85 S.Ct. 1246, 1250, 14 L.Ed.2d 170, 175 (1965).

New York and New Jersey are among those states which define penal statutes as "those imposing punishment for an offense against the State." The test as to whether a law is penal "is whether the wrong sought to be redressed is a wrong to the public or a wrong to the individual." *Ryan v. Motor Credit Co.*, 130 N.J.Eq. 531, 613, 23 A.2d 607 (1941), quoting, *People v. Coe Manufacturing Co.*, 112 N.J.L. 536, 172 A. 198 (1934). *See; Sicolo v. Prudential Savings Bank of Brooklyn*, 5 N.Y.2d 254, 258, 184 N.Y.S.2d 100, 157 N.E.2d 284 (1959), where it was held that the words "penalty or forfeiture" when used in a statute of limitation refer to something "imposed in a punitive way for an infraction of a public law and do not include a liability created for the purpose of redressing a private injury," and *Cruickshanks v. Eak*, 33 N.J.Super. 285, 288, 110 A.2d 61 (1954), which states, "... if the wrong sought to be redressed is a wrong to the public the statute is penal, and if it is a wrong to the individual the statute is remedial."

We regard the distinction between a statutory penalty to be paid into the government treasury and a statutory private civil remedy, as recognized in *Meeker & Co. v. Lehigh Valley RR, supra*, as persuasive. The view taken towards civil penalties by the U.S. Supreme Court as "analogous to

traditional civil damages," is consistent with the treatment given to such civil penalties in Maryland. *Anthony Plumbing of Md. v. Atty. Gen.*, 298 Md. 11, 22, 467 A.2d 504 (1983). Also, in *Ordway v. Central National Bank of Baltimore*, 47 Md. 217 (1877), the plaintiff filed suit in the Baltimore City Court to recover double the amount of unlawful interest collected from him by the Central National Bank, a remedy provided in the National Banking Act of 1864, § 30. A federal statute, § 519, Rev. Statutes, U.S. (1874), provided for exclusive federal court jurisdiction "of all suits for penalties and forfeitures." The Court rejected the Bank's plea to the jurisdiction of the State court, concluding that the statutory language referred to "those penalties and forfeitures of a public nature, which may be sued for by the government, or some person in its behalf." The Court reasoned that the double interest recovery provision was a

> penalty of a civil nature, for the exacting and taking of usurious interest upon money loaned; and the remedy given by the statute is by private civil action of debt to the party grieved.

*Ordway, supra,* at 240–241.

Contrary to its holding in *Ordway, supra,* however, the Court of Appeals refused to extend full faith and credit to judgments obtained in New York and Pennsylvania under statutes of those states which held directors and officers of corporations personally liable for the debts of the corporation. The court ruled that such statutes were penal statutes and could not be enforced in this State. *First Nat. Bank of Plymouth v. Price*, 33 Md. 487, 499 (1871); *Attrill v. Huntington*, 70 Md. 191, 16 A. 651 (1889). The Court reasoned that "the liability of the director was not one arising upon contract, but one imposed upon him in the nature of a penalty." The U.S. Supreme Court reversed in *Huntington v. Attrill*, 146 U.S. 657, 13 S.Ct. 224, 36 L.Ed. 1123 (1892), announcing the principal that penal laws, in the

international sense, "are those imposing punishment for an offense committed against the State." *Id.* at 667, 13 S.Ct. at 227. The court further explained that neither the liability imposed, nor the remedy given, in statutes providing a private action against the wrongdoer, is strictly penal. *Id. See also; McCrae v. Johnson,* 84 F.Supp. 220 (D.Md.1949), *Texaco, Inc. v. Vanden Bosche,* 242 Md. 334, 219 A.2d 80 (1966).

The Court of Appeals later applied the holding of *Huntington v. Attrill* as controlling authority in determining the question of whether the People's Court of Baltimore and the Baltimore City Court were courts of competent jurisdiction within the provisions of the Emergency Price Act of 1942. *Lambros v. Brown,* 184 Md. 350, 41 A.2d 78 (1945). The Emergency Price Act provided to the purchaser a recovery for treble the amount by which the consideration for a commodity exceeded the applicable maximum price. A liquor store owner, sued under the Act, asserted that such excessive damages were penal in nature. Appellant argued that state courts lacked jurisdiction to impose or enforce penalties created by Act of Congress. *Id.* at 355, 41 A.2d 78. The Court held that the federal Act was not penal but remedial, in that it provided for a private remedy for a wrongful act. *Id.* at 359–360, 41 A.2d 78. *Cf. McCrae v. Johnson,* 84 F.Supp. 220, 222 (D.C.Md.1949), suit under 1947 Rent Act not a suit to recover penalty.

Therefore, we hold that § 5–107 of the Courts & Judicial Proceedings Article did not time bar appellants' action to recover interest and other charges pursuant to § 12–413 of the Commercial Law Article. Summary judgment was erroneously granted.

JUDGMENT VACATED; CASE REMANDED TO THE CIRCUIT COURT FOR MONTGOMERY COUNTY FOR FURTHER PROCEEDINGS.

COSTS TO BE PAID BY THE APPELLEES.