CARLOS SISO, an Infant, by ROBERT FORBES, His Guardian ad Litem, Plaintiff, *v.* BORIS KLEINER, Defendant.

Supreme Court, Special Term, New York County, May 26, 1945.

*Harry P. Rich* and *Louis L. Resnick* for defendant.

*Elias Aronson* and *Nathan Sinkman* for plaintiff.

EDER, J. Motion granted. The plaintiff, an infant, alleges he is the son of the decedent, who, it is alleged, met her death as a result of the defendant's alleged negligence; that he was dependent upon his mother for care, support, upbringing and guidance. There is the allegation that the Surrogate appointed a special guardian for said infant for the purpose of instituting and prosecuting an action on behalf of the said infant herein for damages, by reason of the death of plaintiff's intestate; the action herein is brought by the infant, by said appointee, as his guardian ad litem.

The premise upon which the defendant proceeds, in seeking the dismissal of the complaint, is that the cause of action is in favor of the personal representative of the deceased, and under section 130 of the Decedent Estate Law, such an action can only be brought by the executor or administrator duly appointed.

The plaintiff counters with the contention that " this is not an action by an estate for wrongful death, but is specifically an action by an infant child of a decedent for wrongful death of a parent, and for loss of certain proprietary rights that that child had in the deceased parent". It is then further argued that " By law and statute, a parent has certain obligations and duties to a child, and by the same token a child has certain rights and benefits to be derived unto it by that parent, and the causing of a wrongful death of that parent gives the infant child a chose in action against the party or person who caused such wrongful death, for the damages and the losses sustained unto and by that child ". And for that reason it is claimed that the reference to section 130 of the Decedent Estate Law, made by the defendant, has no bearing on the case.

This is a broad assertion and while counsel makes the dogmatic declaration that the infant's right of action is authorized " by law and statute ", neither any case nor statute is cited. A cause of action to recover damages for the death of a person does not exist at common law (*Lichtenstern* v. *Augusta-Aiken R. & Elec. Corp.,* 165 App. Div. 270), and such an action is wholly statutory and depends on the statute of the State where the death was caused (*Lichtenstern* case, *supra*) ; the Legislature, by the enactment of section 130, created " a new cause of action in favor of the personal representatives of the deceased " (*Boffe* v. *Consolidated Telegraph & El. Subway Co.,* 171 App. Div. 392, 394, affd. 226 N. Y. 654) ; " The cause of action did not arise until

some one was in position to bring and maintain the action, or, in other words, until the personal representatives of the deceased had been duly appointed and qualified '' (*Boffe* case, *supra*, p. 394). And, as further said in the *Boffe* case (*supra*, pp. 393-394), '' The damages awarded for the negligent act are such as result to the property rights of the person or persons for whose benefit the cause of action was created.''

Such an action, as pointed out, had no counterpart at common law; the right of recovery is wholly statutory and the action must stand or fall by the terms of the statute, which cannot be extended to include cases omitted from its provisions; this new cause of action has been created for the benefit of the dependents of the decedent, but the right of action is conferred upon the personal representative, and not upon the next of kin (*Rice* v. *Postal Telegraph-Cable Co.*, 174 App. Div. 39, affd. 219 N. Y. 629), and in the absence of a statute giving a child of the decedent the right of action, the child cannot sue. (17 C. J., Death, § 122.) No cause of action is, therefore, set forth, and as none can be maintained by the infant plaintiff, no basis exists for permitting an amended complaint to be served. Settle order.