MICHAEL J. GANNON et al., Respondents, *v.* ROYAL PROPERTIES, INC., et al., Defendants, and R. & G. SERVICE GARAGE, INC., Appellant.

EUGENE ERK, Respondent, *v.* ROYAL PROPERTIES, INC., et al., Defendants, and R. & G. SERVICE GARAGE, INC., Appellant.

First Department, December 21, 1954.

*James A. Doherty,* attorney (*Philip Hoffer* with him on the brief), for appellant.

*Paxton Blair* of counsel (*Harry H. Lipsig* with him on the brief; *Edward M. Edenbaum,* attorney), for respondents.

Peck, P. J. Defendant-appellant appeals from an order denying its motion to dismiss the complaints after a trial in which the jury disagreed.

Defendant-appellant is the owner of a garage. Plaintiffs are New York City firemen who sued to recover damages for injuries sustained during their attendance at a fire in the garage. It appears that the location of the fire was under or about an automobile standing at the entrance of the garage. The cause of the accident was an explosion of the gasoline tank of this car. It may be inferred that the cause of the fire leading to the explosion was the lighting of a cigar by one of defendant's employees.

The evidence in behalf of plaintiffs was that upon the fire

department's arrival at the scene of the fire, one of plaintiffs looked in at the front of the garage to determine the condition and saw a blue flame, indicating that gasoline was burning. The importance of determining the nature of the fire was to determine the proper treatment of the fire. A gasoline fire, for example, calls for treatment by foamite, rather than by water. The explosion happened just as the plaintiff who had observed the fire was returning to his men and before any opportunity was afforded to treat the fire.

Plaintiffs' theory of liability advanced at the trial and submitted to the jury was that defendant's employee, knowing the nature of the fire, should have warned the firemen that the fire was being fed by gasoline and hence called for a special type of attack. Plaintiffs rely in support of this theory on cases like *Jenkins* v. *313–321 W. 37th St. Corp.* (284 N. Y. 397) and *Allison* v. *Richfield Oil Corp.* (271 App. Div. 945) which hold that if some unusual hazard exists in a building to the knowledge of the owner, such as the presence of a combustible in a closed room, it is the duty of the owner, if it has an opportunity to do so, to give warning of the peril to firemen entering the building to extinguish a fire.

We do not consider this line of authority to be applicable to the present case. There was no unusual hazard in this case. Gasoline is known by everybody to be stored about a garage. While the testimony in behalf of plaintiffs was that only about 10% of garage fires involved burning gasoline, still such a condition could not come as a surprise to firemen and we are unable to accept the proposition advanced by plaintiffs that it became the duty of defendant to warn the firemen of the nature of the fire because such a fire called for a special type of attack. This is a matter of professional experience and judgment which can hardly be expected to exist on the part of property owners and the responsibility therefor cannot properly be shifted to them. We conclude, therefore, that the case should not have been submitted to the jury on the theory upon which it was submitted and that a verdict based upon that theory could not stand.

The only remaining question is whether plaintiffs should be allowed a new trial, rather than suffer a dismissal, in order that another theory of liability set forth in separate causes of action in the complaint, but abandoned at the trial, might be submitted to the jury.

This theory is that plaintiffs were entitled to recover under section 205-a of the General Municipal Law, which gives a cause

of action to firemen injured by the failure of a person to comply with the requirements of an ordinance — the applicable ordinance in this case being the section of the Administrative Code forbidding smoking in garages (§ C19–9.0). The claim is that the cause of the fire was the lighting of a cigar by one of defendant's employees and that this violation of the code gives rise to a cause of action in favor of the firemen under the General Municipal Law.

We might be confronted with a troublesome question on the evidence in this case if we thought that section 205-a of the General Municipal Law was still available to plaintiffs. The record discloses, however, that after counsel for the defendant, by motion to dismiss, attacked the causes of action based on section 205-a, contending that the statute was penal in nature and imposed a liability only upon a person actually guilty of a violation of an ordinance, being one who was not a defendant in this case, the attorney for plaintiffs advised the court that the plaintiffs were abandoning the causes of action predicated on section 205-a.

Plaintiffs contend before us that the abandonment of those specific causes of action was not an abandonment of any claim of liability they might have under the statute. We are unable to accept that view. While it may generally be said that different grounds of liability founded on negligence need not be separately stated as causes of action and that any ground of liability supported by the allegations of the pleading would be available to a plaintiff, we think that the liability imposed by section 205-a of the General Municipal Law is something special and apart from any ordinary liability grounded in negligence and requires specific assertion and submission.

The statute is an extraordinary one with these notable features: The liability imposed is '' In addition to any other right of action or recovery ''; the liability is placed upon '' the person or persons guilty '' of the violation of law giving rise to the cause of action; and the liability is '' to pay * * * a sum of money, in case of injury to person, not less than one thousand dollars, and in case of death not less than five thousand dollars, such liability to be determined and such sums recovered in an action to be instituted by any person injured or the family or relatives of any person killed as aforesaid.''

It is thus apparent that the statute is quasi-penal, if not entirely penal, and *sui generis*. How a claim under the statute might be handled and submitted to a jury in conjunction with an ordinary cause of action based on negligence, we need not say.

What we do say, with due regard to the special and separate nature of the cause of action created by the statute, is that any such cause of action must be separately stated and submitted. This was done in the complaint in this case and the causes of action bottomed upon the statute were withdrawn. In our view, no cause of action based on the statute remained. We are not willing to assume that the withdrawal of these causes of action was without purpose on the part of plaintiffs' counsel. It is altogether possible that the submission of such a claim to the jury would have been prejudicial to the broader claim on which plaintiffs principally relied and ultimately entirely relied.

The order appealed from should be reversed and the motion to dismiss the complaints granted, with costs to appellant.

DORE, COHN, BREITEL and BASTOW, JJ., concur.

Order unanimously reversed, with costs and disbursements to the appellant, and the motion to dismiss the amended complaints granted for failure of proof, and judgment is directed to be entered in favor of the defendant-appellant dismissing the complaints with costs.