A. David Benjamin, J.
This is a motion for judgment on the pleading’s pursuant to rule 112 of the Rules of Civil Practice.
This action was brought to recover for personal injuries allegedly sustained by plaintiff by reason of the defendant’s negligence. The complaint alleges that at the time of the accident plaintiff was a member of the New York City fire department and that the defendant owned and maintained a bank building at Flatbush Avenue and Kings Highway, Brooklyn, New York. On or about December 23, 1951 plaintiff in the course of his duties as a fireman was engaged in extinguishing a fire that had broken out at defendant’s premises and while so engaged was injured. The complaint further alleges that the defendant’s negligence consisted in: “ Fifth: That the defendant, its agents, servants and/or employees were negligent herein in carelessly erecting Christmas Decorations; in illegally erecting said deco *291 rations; in storing said decorations in a dangerous and defective manner; in improperly wiring said Christmas decorations and in allowing and permitting said Christmas decorations to cause a short circuit and fire; in hanging these decorations close to inflammable draperies; in failing to warn plaintiff of the dangers to be encountered; and in otherwise failing to use due care and prudence and caution to avoid the happening of the accident. ’ ’
The complaint does not disclose the manner in which plaintiff was injured, nor is there any allegation in the complaint that there was any unusual hazard existing in the building to the knowledge of the owner and of which the plaintiff should have been given warning by the owner, nor does it contain any but conclusory allegations as to the defendant’s negligence.
It is well established that where premises are on fire the firemen combating the flames assume the risk of their employment and any negligence on the owner’s part in creating the condition is not material. (Raymond v. Republic Light, Heat & Power Co., 262 N. Y. 498; Lofgren v. Protane Corp., 284 N. Y. 709; Gannon v. Royal Properties, 285 App. Div. 131.) Only where an unusual hazard exists in the premises of which the owner is aware and fails to give the firemen proper and sufficient warning of their peril may there be recovery (Schwab v. Rubel Corp., 286 N. Y. 525). In the circumstances the complaint fails to state a cause of action based upon common-law negligence.
Plaintiff argues that even if the complaint does not state a cause of action at common law the liability may be predicated upon the provisions of section 205-a of the General Municipal Law. That section is entitled Additional right of action to certain injured or representatives of certain deceased firemen. This section gives a cause of action to firemen injured by failure of persons to comply with the requirements of any ordinance or statute.
Plaintiff asserts that here there was a violation of section C19-161.1 of the Administrative Code of the City of New York, which section is entitled Flame proofing of decorations, drapes, curtains and scenery, and such section deals with the requirements for such fireproofing.
As is pointed out in Gannon v. Royal Properties (supra, p. 134) the liability imposed by section 205-a is something-special and apart from any ordinary liability grounded in negligence and requires specific assertion and submission. “ [T]he statute is quasi-penal, if not entirely penal, and sui generis.’’ Such a cause of action “ must be separately stated *292 and submitted ’’ (Gannon v. Royal Properties, supra, p. 135). In the case at bar the complaint does not specifically allege that a recovery is sought under section 205-a of the General Municipal Law, nor does it allege that the defendant failed to comply with the provisions of section C19-161.1 of the Administrative Code. Further, there is nothing in the complaint from which it may be inferred that the failure of the defendant to treat the draperies in its premises with noncombustible material or liquid directly or indirectly caused plaintiff’s injuries. It is apparent, therefore, that the allegations set forth in the complaint do not bring this cause of action within the purview of section 205-a.
Since it is also clear from the facts alleged in the complaint that plaintiff, even if he were permitted to amend the present complaint, would be unable to plead a valid cause of action based upon common-law negligence, defendant’s motion for judgment on the pleadings as to such cause of action is granted.
Plaintiff may, however, be able to allege a sufficient cause of action predicated upon a violation of section 205-a of the General Municipal Law if the facts as to such violation are definitely and precisely stated. Plaintiff is granted leave to serve an amended complaint based solely upon such statutory violation. The court, however, is not called upon at this time to construe the sufficiency of such a cause of action or to construe the legislative intendment of this unique and extraordinary statute. Submit order on notice.