Arthur D. Brennan, J.
The defendant, Nuccitelli, moves to dismiss the complaint herein for legal insufficiency. Certain alternative relief is also requested.
It appears that this action has been brought pursuant to section 205-a of the General Municipal Law which confers an additional right of action on members of any fire department (or the surviving heirs at law of said members) who are injured or killed in the performance of their duties when such injury or death occurs directly or indirectly as the result of any neglect, omission, willful or culpable negligence of any person or persons in failing to comply with the requirements of any of the pertinent and applicable statutes, ordinances, rules, orders and requirements of the Federal, State, county or local governments or of any of the departments, divisions and bureaus thereof. The challenged complaint contains two causes of action. In the first of these causes, the administratrix of the deceased fireman seeks to recover damages for personal injuries sustained by said fireman in a fire which occurred in the city of Beacon; and in the second cause, the administratrix seeks to recover damages for the death (of the said fireman) which followed and resulted from the aforesaid injuries.
In support of his motion, the defendant contends: (1) that the allegations of negligence contained in both causes of action are insufficient in law; (2) that the first cause of action is penal in character and that under section 119 of the Decedent Estate Law, the same abated upon the death of the plaintiff’s intestate; and (3) that the second cause of action is also insufficient in that it has been brought by the administratrix (of the deceased fireman) upon whom no cause of action for death has been conferred by section 205-a of the General Municipal Law.
From a reading of the complaint herein, it appears that the same does not state the manner in which the deceased fireman was injured. Nor does said complaint name or specify the particular statutes, ordinances, rules, orders or requirements with which the defendant neglected or failed to comply. And there are no allegations present in the subject complaint from or upon which it may be observed or inferred that the injuries and subsequent death of the said fireman were caused directly or indirectly by the defendant’s neglect or failure to comply with said statutes, ordinances, rules, orders or requirements.
*510 It should be noted that this action is not the usual or ordinary negligence case wherein general allegations as to the failure to comply with unnamed and unidentified State statutes and local ordinances may prove sufficient for the purposes of a complaint. As was pointed out in the recent case of Gannon v. Royal Properties (285 App. Div. 131, affd. 309 N. Y. 819) the liability imposed by section 205-a of the General Municipal Law is something special and apart from any ordinary liability grounded in negligence; the subject statute is sui generis; and a cause of action based thereon must be separately stated and submitted. (To the same effect, see Sicolo v. Prudential Sav. Bank of Brooklyn, 2 Misc 2d 289.) In this court’s opinion, a complaint in a special action based on said section 205-a must specify or identify the statutes, ordinances, rules, orders or requirements with which the defendant neglected oi; failed to comply; the manner in which the injuries or death complained of occurred; together with such ultimate facts as may be necessary in order that it may appear or be inferred that said neglect or failure directly or indirectly caused the injuries or death. Further, and in order to avoid any prejudice to the defendant, it is essential that in such a complaint the plaintiff restrict his allegations of negligence to those acts and omissions which afford a basis of liability under the subject statute; and the plaintiff should not commingle therewith any acts of common-law negligence which are or may be appropriate in an ordinary negligence action not founded on said statute.
With respect to the second above contention, it is this court’s view that the same may not be sustained. It seems clear from a reading of the entire section 205-a that the predominant purpose of that enactment was not punishment of the person who failed to comply with the aforesaid statutes, ordinances, etc., but was to afford additional compensation to the fireman who was injured or to the family of the fireman who was killed. In the light of such purpose, this court holds that the statute is not penal in nature (cf. Cox v. Lykes Bros., 237 N. Y. 376); that a cause of action for injuries sustained survives the subsequent death of the injured fireman; and that upon the subsequent death of an injured fireman, such cause of action for injuries sustained may be prosecuted by the executor or administrator of the deceased fireman, all as authorized by section 119 of the Decedent Estate Law.
Turning now to the third above contention, it must be observed that the second cause of action contained in the complaint herein is not one brought to recover for wrongful death based upon common-law negligence, wherein the right to *511 sue and recover damages for such wrongful death is specifically conferred, by section 130 of the Decedent Estate Law, upon the executor or administrator of the deceased and upon no other person. Under the provisions of said section 205-a which creates the additional right of action for injuries or death, it is specifically provided: (a) that any sum determined to be due for the liability imposed by the terms of said statute, shall be paid, in case of injuries sustained, to “ any officer, member, agent or employee of any fire department injured ’’, and in case of death, “ to the wife and children, or * * * to the parents, or * * * to the brothers and sisters, being the surviving heirs-at-law of any deceased person thus having lost his life ”; and (b) that the liability (for injuries sustained or for death) created by said additional right of action shall be determined and recovered “in an action to be instituted by any person injured or the family or relatives of any person hilled as aforesaid ”. In this court’s view, by the last-mentioned emphasized provisions, the additional right of action for death was specifically conferred upon the family or relatives of a fireman who had been killed and not upon his executor or administrator. It is a general principle of construction that where a right is given by statute and a remedy is provided in the same act, the right can be prosecuted in no other mode. And it lias also been held that where a statute creates liability and prescribes the person or persons who shall have the right to enforce it, the latter prescription is as much a component part of the statutory right of action as are the former provisions which create the liability. This right of the specified person or persons to maintain the action and his or their existence is as integral in the right of action as is the liability of the defendant. (Cf. Rice v. Postal Telegraph-Cable Co., 174 App. Div. 39, affd. 219 N. Y. 629; and see, also, Siso v. Kleiner, 185 Misc. 154 and Sutherland v. State of New York, 189 Misc. 953, 969.) Thus, with respect to the second cause of action, this court holds that where, as here, the complaint shows that the plaintiff does not have the requisite right to maintain the action, the cause should be dismissed for insufficiency. (Siso v. Kleiner, supra; and see Atkins v. West, 222 App. Div. 308.)
Accordingly, the motion to dismiss the complaint for legal insufficiency is granted, but with leave to the plaintiff, if she be so advised, to issue and serve a supplemental summons and an amended complaint wherein the present administratrix shall continue as plaintiff in the cause of action for injuries sustained, but she, as widow of the deceased fireman, and his two surviving children, shall be the plaintiffs in the death action. Said *512 supplemental summons and amended complaint shall issue within 20 days following the service of a copy of the order to be entered hereon, with notice of entry thereof. In the light of the above rulings, this court finds it unnecessary to consider or pass upon the alternative relief prayed for on this motion.
Settle order, on notice, at White Plains, New York.