◼ Louis Sicolo, Respondent-Appellant, v. Prudential Savings Bank of Brooklyn, N. Y., Appellant-Respondent.— Appeals from (1) an order dated March 19, 1956 granting a motion to dismiss the original complaint on the ground that it does not state facts sufficient to constitute a cause of action, (2) from an order dated August 1, 1956 denying a motion for leave to reargue said motion, and (3) from an order dated August 1, 1956 denying a motion to dismiss the amended complaint on the ground that the cause of action therein alleged is barred by the Statute of Limitations. The appeal from the order denying the motion to reargue has been withdrawn by appellant in his brief.

Order dated March 19, 1956 dismissing the original complaint affirmed, without costs. Order dated August 1, 1956 denying motion to dismiss the amended complaint reversed, with $10 costs and disbursements, and motion granted. Plaintiff, a member of the New York City Fire Department, was injured while engaged in fighting a fire in the bank building owned and maintained by defendant and brought an action to recover damages for the injuries so sustained. The cause of action set forth in the original complaint was predicated on allegations to the effect that the injuries were caused solely by the negligence of defendant. The cause of action set forth in the amended complaint alleges that defendant was guilty of a violation of section C19–161.1 of the Administrative Code of the City of New York which provides for flameproofing of decorations, drapes, curtains and scenery in buildings of a public nature, and that plaintiff's injuries were due solely and wholly to the statutory violation. Neither the word "negligence" nor "negligent" appears in this amended complaint. This cause of action is authorized by section 205-a of the General Municipal Law, which provides: "In addition to any other right of action or recovery under any other provision of law, in the event any accident, causing injury, * * * occurs directly or indirectly as a result of any neglect, omission, wilful or culpable negligence of any person or persons in failing to comply with the requirements of any of the statutes, ordinances, rules, orders and requirements of the federal, state, county, village, town or city governments * * * the person or persons guilty of said neglect, omission, willful or culpable negligence at the time of such injury * * * shall be liable to pay any officer, member, agent or employee of any fire department injured * * * not less than one thousand dollars * * * such liability to be determined and such sums recovered in an action to be instituted by any person injured". (Emphasis supplied.) The cause of action so created is sui generis; the statute provides for a penalty or forfeiture and is quasi-penal, if not entirely penal, in nature (Gannon v. Royal Properties, 285 App. Div. 131, affd. 309 N. Y. 819). Where a statute establishes a new liability unknown to the common law, it is quite accurate to say that it also creates a new cause of action, for without the statute none would exist (McConnell v. Caribbean Petroleum Co., 278 N. Y. 189; Payne v. New York, Susquehanna & Western R. R. Co., 201 N. Y. 436). Under the circumstances, it cannot be said that the amended complaint is merely a clarification and amplification of the cause of action originally alleged. It sets forth an entirely new and different cause of action and, having been served more than three years after the cause of action accrued, is barred by the Statute of Limitations (Civ. Prac. Act, § 49). Nolan, P. J., Murphy, Ughetta, Hallinan and Kleinfeld, JJ., concur. [2 Misc 2d 289.]