James S. Brown, J.
Plaintiffs seek an order for leave to serve an amended complaint in this action to recover damages for personal injuries allegedly sustained on defendants’ premises.
The facts briefly stated are: That plantiffs were members of the Fire Department of the City of New York on January 15, 1954 and were injured while putting out a fire; that suit was instituted by a prior attorney; that when the case appeared on the calendar, it was marked “ Off ” for failure to file a Statement of Readiness; thereafter present counsel for plaintiffs was retained, who in the course of his examination of the papers discovered the complaint did not include a cause of action pursuant to section 205-a of the General Municipal Law.
The instant motion seeks to amend the complaint by including a cause of action under the .above-cited section, plaintiffs contending that defendants will not be prejudiced thereby since on April 30, 1958, notice was given defendants that such amendment would be sought.
*610 Defendant, New York Dock Co., opposes the motion on the ground of laches, since more than four years have elapsed and that its rights would be prejudiced if the instant motion were granted.
It is evident that plaintiffs belatedly seek to bolster their case by adding a new- cause of action by way of amendment. Our courts have held (Sicolo v. Prudential Sav. Bank of Brooklyn, 4 A D 2d 790) that where a statute establishes a new liability unknown to the common low, it is quite accurate to say that it also creates a new cause of action, for without the statute none would exist (McConnell v. Caribbean Petroleum Co., 278 N. Y. 189; Payne v. New York, Susquehanna & Western R. R. Co., 201 N. Y. 436). Section 205-a of the General Municipal Law gives a cause of action to firemen injured by failure of persons to comply with the requirements of any ordinance or statute. As was pointed out in Gannon v. Royal Properties (285 App. Div. 131) the liabilities imposed by section 205-a is something special and apart from any ordinary liability grounded in negligence and requires specific assertion and submission. Such a cause of action must be separately stated and submitted. Here the action accrued on June 15, 1954, and to permit plaintiffs the relief prayed for, would prejudice this defendant. As the Appellate Division of this department held in the Sicolo case (supra, p. 791): “ Under the circumstances, it cannot be said that the amended complaint is merely a clarification and amplification of the cause of action originally alleged. It sets forth an entirely new and different cause of action and, having been served more than three years after the cause of action accrued, is barred by the Statute of Limitations (Civ. Prac. Act, § 49).”
The motion is denied. Submit order.