Jacob J. Schwartzwald, J.
Defendant Brooklyn Tuberculosis and Health Association, Inc. moves for judgment dismissing the amended complaint pursuant to rule 106 of the Buies of Civil Practice on the ground that it fails to state facts sufficient to constitute a cause of action.
The complaint sets forth two causes of action, one for personal injuries, pain and suffering and the other for wrongful death. In substance and in addition to the other necessary allegations pleaded, the plaintiff charges the defendant with being negligent and careless in the techniques used in X-raying plaintiff’s intestate; in failing to properly read, diagnose and interpret the X rays, in assuring the plaintiff’s intestate that the X rays indicated no disease or condition of the organs of the plaintiff’s intestate; in lulling plaintiff’s intestate into a false sense of security regarding his physical condition and rendering an improper and careless and insufficient report to the operating physician; in misleading plaintiff’s intestate; in failing to use that degree of skill and care necessary to the X-raying of the intestate and in failing to recognize the actual condition of which the intestate was then suffering from. Plaintiff then in paragraph “Twenty-fifth” concludes that solely as the result of the carelessness and negligence of the defendant the intestate was caused to remain seriously ill, sick, sore, lame and disabled.
While it is true that a pleading challenged for legal insufficiency must be construed broadly and liberally and every intendment and fair inference must be resolved in its favor, the complaint as pleaded fails to allege any facts upon which it may be observed or inferred that the injuries and subsequent death were caused directly or indirectly by the defendant’s *752 neglect. (Cramer v. Nuccitelli, 2 Misc 2d 508; James v. Roberts Co., 145 Misc. 648.) The mere allegations of negligence, the injuries sustained and the subsequent death, without a showing of the causal relationship between the two creates a hiatus and makes the complaint insufficient. Nowhere does the plaintiff allege that the intestate relied upon the report and failed to seek further medical attention or aid or that the intestate’s physicians relied solely upon the report and failed to treat the intestate for his illness resulting in his death.
It has been stated that if a plaintiff proves negligence by a defendant and injury to himself but fails to prove that the former was the legal or proximate cause of the latter, he fails to establish his case. (Williams v. State of New York, 308 N. Y. 548; Kimbar v. Estis, 1 N Y 2d 399; Gralton v. Oliver, 277 App. Div. 449, affd. 302 N. Y. 864.)
Accordingly, the complaint is dismissed with leave to plaintiff to plead over if so advised. Amended complaint to be served within 20 days after the service of a copy of the order to be entered herein with notice of entry.
Settle order on notice.