John H. Galloway, Je., J.
Plaintiff moves for leave to amend his complaint to plead a second canse of action under section 205-a of the General Municipal Law, in order to comply with the decisional requirement that such a cause of action, being sui generis, must be separately stated and submitted. The proposed amended complaint is submitted with the moving papers.
It appears from the original complaint, also submitted on the motion, that the single cause of action therein alleged was framed on the theory of common-law negligence. Contrary to plaintiff’s contention, we do not think that complaint was sufficient to state a cause of action under section 205-a. But that is of no consequence on this motion, since plaintiff now seeks to comply with the decisional requirement that such a cause of action he separately stated and submitted (Gannon v. Royal Props., 285 App. Div. 131, affd. 309 N. Y. 819; Cramer v. Nuccitelli, 2 Misc 2d 508); and further, since his assertion of this cause of action is not barred by the three-year Statute of Limitations, but is governed by the six-year statute (Civ. Prac. Act, § 48, subd. 2; Sicolo v. Prudential Sav. Bank of Brooklyn, 5 N Y 2d 254).
Section 205-a of the General Municipal Law provides in pertinent part as follows: “ In addition to any other right of action or recovery under any other provision of law, in the *852 event any accident, causing injury * * * occurs directly or indirectly as a result of any neglect, omission, wilful or culpable negligence of any person * * # in failing to comply with the requirements of any of the statutes, ordinances, rules, orders and requirements of the federal, state, county, village, town or city governments * * * the person * * * guilty of said neglect, * * * omission, wilful or culpable negligence at the time of such injury * * * shall be liable to pay any officer, member, agent or employee of any fire department injured * * * while in the discharge or performance of any duty imposed by the * * * superior officer of the fire department * * * a sum of money, in case of injury to person, not less than one thousand dollars * * * such liability to be determined and such sums recovered in an action to be instituted by any person injured * * * as aforesaid.”
The proposed amended complaint (second cause of action) pleads that plaintiff, while acting in the course and in the performance of his duties as a fireman, and while driving his Battalion Chief in the latter’s official car and responding to an emergency fire alarm, was injured in a collision between defendant’s and the Battalion Chief’s car, as the result of defendant’s negligence in failing to comply with sections 11M, 1104 and 101 of the Vehicle and Traffic Lato, which required defendants to stop and yield the right of way to plaintiff until his authorized emergency vehicle had passed.
In opposing the motion, defendants urge that a section 205-a right of action does not exist and cannot be invoked by plaintiff in the factual situation here presented; that it was not the legislative intent to impose the statutory liability created thereby to the situation in the instant case. They refer to all the cases annotated under section 205-a (none of which are cited), and state that all those cases deal with defendant owners of property or their employees and with violations of statutes or ordinances which are concerned with fire prevention.
We have examined such cases as Gannon v. Royal Props. (285 App. Div. 131, affd. 309 N. Y. 819, supra); Sicolo v. Prudential Sav. Bank of Brooklyn (4 A D 2d 790, revd. on question of applicable Statute of Limitations, 5 N Y 2d 254); Sicolo v. Prudential Sav. Bank of Brooklyn (2 Misc 2d 289); Hawkins v. Dec-Art Co. (12 A D 2d 612); Izzillo v. Mulkor Warehousing Co. (14 Misc 2d 609); and Cramer v. Nuccitelli (2 Misc 2d 508, supra). We find that they did involve injuries to firemen sustained on or at the premises of defendant owners upon which the plaintiff firemen were engaged in the performance of their duties, and whose injuries resulted from such owners’ violations *853 of statutes or ordinances applicable to such properties in the field of fire prevention.
However, we believe that it was not the Legislature’s intent to limit the statutory liability imposed by section 205-a and to restrict the new cause of action created thereby to the factual situations involved in cases cited above. In our opinion, the legislative intendment in enacting this “unique and extraordinary statute ” (Sicolo v. Prudential Sav. Bank, 2 Misc 2d 289, 292, supra) was to impose liability, in addition to any other right of action or recovery, upon the person or persons guilty of the violation of any statute, ordinance, etc., giving rise to the cause of action, wheresoever and howsoever such violation (in terms of negligent failure to comply) resulted in injury to a plaintiff fireman while in the course of performance of his duties as a fireman (cf. Gannon v. Royal Props., supra, p. 132; Sicolo v. Prudential Sav. Bank, 2 Misc 2d 289, 291 and id., 5 N Y 2d 254). The predominant purpose of the statute (§ 205-a) is to give a cause of action to firemen injured by failure of persons to comply with the requirements of any ordinance or statute; to afford additional compensation to the fireman who was injured (cf. Cramer v. Nuccitelli, 2 Misc 2d 508, supra).
We conclude that the cause of action created by section 205-a of the General Municipal Law may be invoked by plaintiff in the circumstances here disclosed; that the proposed amended complaint sufficiently pleads a cause of action under that statute, and that the motion to serve and file such amended complaint should be granted. Motion granted.