■ MAGGIOLO CORPORATION, Respondent, v. S. J. M. GENERAL CONTRACTORS, INC., et al., Defendants and Third-Party Plaintiffs. SAPPAH SHOVEL SERVICE, INC., Third-Party Defendant. S. J. M. GENERAL CONTRACTORS, INC., et al., Interpleading Plaintiffs-Appellants, v. SAPPAH SHOVEL SERVICE, INC., Interpleaded Defendant-Respondent.— In an action to recover a balance due for work, labor and services performed by plaintiff for the original defendants, and upon an alleged account stated between them, in which said defendants, pursuant to section 285 of the Civil Practice Act, set forth in their answer an interpleader complaint against Sappah Shovel Service, Inc., as a claimant for recovery of the reasonable value of the identical work, labor and services, the original defendants appeal, as limited by their brief: (1) from so much of an order of the Supreme Court, Rockland County, dated July 19, 1962, as granted said interpleaded defendant's motion to dismiss the interpleader complaint pursuant to subdivision 6 of said section 285; and (2) from an order of said court, dated December 10, 1962, which granted plaintiff's motion for a preference in trial of the action, pursuant to rule 151 of the Rules of Civil Practice. Order of December 10, 1962, affirmed, without costs. No opinion. Order of July 19, 1962, insofar as appealed from, reversed, without costs; and motion to dismiss the interpleader complaint denied. In our opinion the interpleader complaint should not have been dismissed. Defendants have sufficiently demonstrated that they are exposed to double or multiple liability as a result of adverse claims. It is of no moment that these claims may not be mutually exclusive and that the defendants deny liability. Our present interpleader procedure (Civ. Prac. Act, § 285, subds. 5, 6) permits the stakeholder to deny liability and also permits of inconsistent claims, not mutually exclusive (*Nelson* v. *Cross & Brown Co.*, 9 A D 2d 140; Twentieth Annual Report of N. Y. Judicial Council, 1954, pp. 276-277). Ughetta, Acting P. J., Kleinfeld, Brennan, Rabin and Hopkins, JJ., concur.

■ WILLIAM R. NYKANEN, Respondent, v. CITY OF NEW YORK, Appellant, et al., Defendant.— In an action by a New York City Fire Department lieutenant, who was injured while fighting a fire in a condemned building owned by the defendant city, the city appeals from so much of a judgment of the Supreme Court, Kings County, entered May 7, 1962, upon a jury's verdict after trial, as awarded $40,239.50 to the plaintiff against the city on the second cause of action under section 205-a of the General Municipal Law. Judgment, insofar as appealed from, affirmed, with costs. We have not considered the question whether the trial court erred in its instruction to the jury that plaintiff's disability pension was irrelevant on the question of damages. The defendant city states that it has not briefed the point in this court because of our determination in *Lehr* v. *City of New York* (16 A D 2d 702, motion for leave to appeal denied 16 A D 2d 950), and that it has merely mentioned the point in its brief only for the purpose of preserving for the Court of Appeals the issue raised thereby. However, we are constrained to observe that in its answer the city did not plead a partial defense in mitigation of damages based upon plaintiff's receipt of a disability pension. Ughetta, Acting P. J., Kleinfeld, Brennan, Rabin and Hopkins, JJ., concur.