John H. Galloway, Jr., J.
This is a motion by the defendants in each of these actions for an order dismissing the second cause of action in the amended complaints on the ground that it appears on the face thereof that they do not state facts sufficient to constitute causes of action.
*47 In prior decisions on plaintiffs’ motions to amend their respective complaints to plead a second cause of action under section 205-a of the General Municipal Law, this court indicated that in its opinion the legislative intendment in enacting that section was to impose liability under the circumstances presented herein, in addition to any other existing right of action or recovery at common law or otherwise (38 Misc 2d 851). From the authorities cited by the defendants on the instant application, it would appear that the validity and legal sufficiency of these causes of action were not necessarily and should not have been determined on the motions to serve the amended pleadings (Cohen v. Dana, 273 App. Div. 1017 and cases cited therein). In the light of the authorities cited, we accede to counsel’s suggestion that we have not heretofore adjudicated the legal sufficiency of the second cause of action in each of the amended complaints.
Plaintiffs are firemen whose official car was in collision on a public highway with a car owned and driven by the defendants, while plaintiffs were responding to an emergency fire alarm in the course of their duties, as a result of which they were injured, due to the negligence of defendants in failing to comply with the Vehicle and Traffic Law (§§ 1144, 1104, 101) which required defendants to stop and yield the right of way to plaintiffs’ emergency vehicle.
Plaintiffs seek recovery of damages for personal injuries against defendants in their first causes of action on the theory of common-law negligence. In their second causes of action they each assert an additional claim for damages for the same personal injuries, pursuant to section 205-a of the General Municipal Law.
Defendants urge that the Legislature intended to enact the subject statute to afford an additional claim for damages to firemen who were injured only while engaged in extinguishing a fire on the premises wherein the owner or other person in control of said premises had negligently failed to comply with the requirements of some statute, ordinance, rule, order or requirement respecting the maintenance of such premises, and such violation is the direct or indirect cause of an accident resulting in such injury, and not while engaged in proceeding to the particular fire, as in the situation in the cases at bar.
They point out that at common law a fireman injured while combating a fire is held to have assumed the risks of his employment and is denied a recovery, even though the owner of the premises on which the fire occurred was negligent in creating the condition which caused the accident in which the fireman’s *48 injury was sustained; that the only exception to that rule is in the situation wherein an unusual hazard exists in the premises of which the owner was aware and fails to properly warn the fireman of his peril; and they argue that by enactment of section 205-a the Legislature intended to alleviate that harsh and inequitable rule at common law and to avoid the fireman’s limitation of recovery to the single rare exception recognized thereunder.
In support of their argument defendants point out that section 205-a was first enacted in 1935 as the second subdivision of chapter 800 of the Laws of 1935, the first subdivision of which amended section 761 of the Greater New York Charter to require occupants of buildings to close all hoistways, wellholes, trap doors and iron shutters at the end of business each day, under pain of a penalty of $50 for each violation. They also point out that in the five reported cases under this section during the 28 years since the enactment of the statute, in which recovery for injuries was sought by firemen and the application of the statute was considered by the courts, the Bar of this State has construed the purpose and intent of the statute as one relating only to the maintenance of premises involved in a fire being combated by firemen under orders of their superior officers.
Defendants’ counsel concludes that section 205-a was not enacted to provide an additional remedy to a fireman who is injured while proceeding to the fire itself (as in the case at bar), because the existing common law of negligence already provides a sufficient remedy for injuries which he might sustain while on his way to the fire.
We are unable to accept either the defendants’ conclusion that the factual situation embraced in the second causes of action does not fall within the intended purview and purpose of section 205-a, or the premises on which it is grounded.
In the first place, the statute provides a remedy ‘ ‘ In addition to any other right of action or recovery under any other provision of law ” (emphasis supplied), and not in substitution of any existing remedy.
Secondly, assuming a legislative intent to alleviate or avoid the denial of recovery to an injured fireman resulting from application of the common-law rule of assumption of the risks of his employment, still the language of section 205-a does not justify the restriction of such “alleviation ” to risks encountered and assumed on the premises afire, since there are other off-premises risks of employment just as clearly encountered and assumed by the same fireman on his way to the fire, while under *49 the orders of his superior officers. Had the Legislature intended to restrict the fireman’s additional remedy to injuries sustained as a result of accidents occurring on the premises afire due to negligent failure of an owner or occupant thereof to comply with the laws and regulations pertaining to the maintenance of such premises, it could readily have expressly provided such a restriction. But it has not done so, and we believe that to read such a restriction into the existing language of the statute would be impermissible judicial legislation.
That section 205-a (of State-wide application) was added to the General Municipal Law by chapter 800 of the Laws of 1935, which also amended section 761 of the Greater New York Charter (applicable only in New York City) imposing certain safety measures with respect to the maintenance of real property (such safety measures being not per se or on their face related to fire prevention), does not, in our opinion, by reason of such circumstance, support or warrant the interpretation of section 205-a urged by the defendants.
That section 205-a has been interpreted, and its application considered, in so few cases since its enactment 28 years ago, and that its application in those cases has involved only accidents on the premises in or upon which a fire was being combated by the injured fireman, has not escaped us. Nor for that reason did we on the prior motions to amend, nor do we now lightly dismiss the interpretation which defendants seek to impute therefrom. In none of the five cases cited by defendants (viz., Gannon v. Royal Props., 285 App. Div. 131, affd. 309 N. Y. 819; Sicolo v. Prudential Sav. Bank, 2 Misc 2d 289, revd. 4 A D 2d 790, revd. other grounds 5 N Y 2d 254; Cramer v. Nuccitelli, 2 Misc 2d 508; Hawkins v. Dec-Art Co., 12 A D 2d 612 and Izzillo v. Mulkor Warehousing Co., 14 Misc 2d 609) did the courts indicate that section 205-a was applicable only to the “ on premises ” situations there involved.
Accordingly, we adhere to our opinion previously expressed (Burigo v. Di Leo, 38 Misc 2d 851) that this statute was intended to provide an additional cause of action for damages to a fireman for injuries sustained in the course of performance of his duties, against a person whose negligent failure to comply with a statute, ordinance, etc., directly or indirectly causes an accident giving rise to such cause of action, wheresoever and howsoever such violation occurs or is committed. That is to say, that the remedy provided under section 205-a is available to a fireman injured in the situation here alleged as the result of an accident due to alleged violations of law occurring, not only on the premises afire, but on the way to the fire.
*50 We conclude that the cause of action provided by section 205-a of the General Municipal Law is available to the plaintiffs in the situation here disclosed; that the second cause of action as pleaded in each amended complaint is sufficient in law; and that the motions to dismiss same as legally insufficient should be denied. Motions to dismiss denied.