■ STEPHEN M. GERHART, Appellant, v CITY OF NEW YORK et al., Respondents.—Judgment, Supreme Court, New York County, entered June 30, 1975, which dismissed plaintiff's complaint on the merits at the end of plaintiff's case, unanimously affirmed, without costs and without disbursements. Plaintiff, a fireman, employed by defendant City of New York, was injured on October 27, 1963 while en route to a fire in a pumper truck manufactured by defendant Mack Trucks, Inc., owned by defendant city and operated by a fellow fireman, defendant Stanley Orekiszewski. At the jury trial and upon conclusion of the plaintiff's case, the trial court dismissed the complaint on the ground that plaintiff was contributorily negligent as a matter of law. The record clearly supports this conclusion. However, plaintiff asserts a third cause of action against defendant the City of New York under section 205-a of the General Municipal Law. It has been held that a "Plaintiff does not have to establish freedom from contributory negligence in an action under section 205-a (see *Nykanen v City of New York,* 14 NY2d 697)" *(Lyden v Rasa,* 39 AD2d 716, 717). "The statute is to be construed liberally, bearing in mind that it was the stated intention of the Legislature to create a cause of action *in cases of the prescribed violations* where otherwise there would be no right of recovery for the injury or death of a fireman" *(McGee v Adams Paper & Twine Co.,* 26 AD2d 186, 194–195, affd 20 NY2d 921; emphasis supplied). Indeed, under certain circumstances the statute has been construed as applicable to a municipal corporation *(Nykanen v City of New York,* 19 AD2d 535, affd 14 NY2d 697).* Further, we

---

* The trial court in circumstances where the plaintiff fireman was injured while fighting a fire in a condemned building owned by the city, charged that the words "person or persons" as used in the statute included a municipal corporation and that plaintiff did not have to establish his freedom from contributory negligence to recover. Judgment in favor of the plaintiff was affirmed upon appellate review.

conclude that the statute is directed at property owners and those in control of property which is involved in a fire-fighting operation, who have violated an ordinance or statute. Section 205-a of the General Municipal Law, enacted in 1935 "was also an amendment of chapter 761 of the Greater New York Charter (L. 1901, ch. 466). Chapter '761 reads as follows: '§ 761. All hoistways, well-holes, trapdoors, and iron shutters shall be closed at the completion of the business of each day by the occupant of the building having use or control of the same, and in case of a violation of this provision, such occupant, having the use or control thereof shall forfeit and pay a penalty of fifty dollars for each and every neglect or omission so to do. And for any accident or injury to life or limb, resulting directly or indirectly from any neglect or omission to properly comply with any of the requirements of this section, the person or persons culpable or negligent in respect thereto shall be liable to pay any officer, agent, or employee of said fire department injured, or whose life may be lost, while in the discharge or performance of any duty imposed by said commissioner, or to the wife and children, or to the parents, or to the brothers and sisters, being the surviving heirs-at-law of any deceased person thus having lost his life, a sum of money, in case of injury to person, not less than one thousand dollars, and in case of death not less than five thousand dollars, such liability to be determined and such sums recovered in an action to be instituted by any person injured, or the family or relatives of any person killed, as aforesaid; and any or all persons for any fire, resulting from his or their wilful or culpable negligence or criminal intent or design, shall, in addition to the present provision of law for the punishment of persons convicted of arson, be liable in a civil action for the payment of any and all damages to the person and property, the result of such fire, and also for the payment of all costs and expenses of said fire department incurred in and about the use of employees, apparatus, and materials in the extinguishment of any fire resulting from such cause, the amount of such costs and expenses to be fixed by said commissioner, and when collected shall be paid into the relief fund of said department herein created; and shall also be liable for injury to person or loss of life of any officer, agent, or employee of said fire department in the same manner and like extent, and to be sued for in like manner as in the preceding part of this section provided for.' Chapter 761 of the charter was originally enacted as section 453 of chapter 410 of the Laws of 1882 (see, also, Greater N. Y. Charter with Appendixes, Ann., 1897)" *(Carroll v City of New York,* 37 Misc 2d 563, 565–566). Of note, this court in *Gannon v Royal Props.* viewed section 205-a as "quasi-penal, if not entirely penal, and *sui generis"* (285 App Div 131, 134, affd 309 NY 819). Further, plaintiff cites in support of his contention that the statute applies to the circumstances herein, the holding in *Burigo v Di Leo* (38 Misc 2d 851). However, the rationale enunciated in *Burigo v Di Leo (supra),* and reiterated in *McAvoy v Di Leo* (40 Misc 2d 46), was rejected by the Appellate Term with the succinct observation: "Section 205-a of the General Municipal Law is not available to the plaintiffs in the situation here disclosed" *(McAvoy v Di Leo,* 43 Misc 2d 164, 165). Concur—Kupferman, J. P., Lupiano, Silverman and Capozzoli, JJ.