OPINION OF THE COURT
Frank A. Sedita, Jr., J.
Defendants have made a motion to have the complaint dismissed on the merits on the grounds that section 205-a of the General Municipal Law is inapplicable to the case herein as a matter of law, and that the claim does not qualify under section 671 of the Insurance Law.
Plaintiffs made the following allegations: They, in the performance of their duties as members of the Buffalo Fire Department, were responding to a third alarm of fire. Klice was the operator and Donovan was a passenger in a Buffalo Fire Department ladder truck No. 1. Plaintiffs sustained per *751 sonal injuries in a collision with a vehicle owned by defendant, Rapid Ray’s Printing & Copying, Inc. and operated by defendant Tarapacki. Said collision occurred as a result of neglect and omission of defendants in violation of sections 1111 (subd [d], par 1) and 1144 of the Vehicle and Traffic Law, and that defendants are liable to them pursuant to section 205-a of the General Municipal Law.
Section 205-a of the General Municipal Law gives a right of action to a fireman hurt in the course of duty by failure of persons to comply with the requirements of an ordinance or statute; this is an additional right of action apart from any other action based on negligence. The statute specifically applies to firemen and to "any accident”.
In Coady v Carnes (Supreme Ct, Erie County) Justice Lawless explains the meaning of section 205-a of the General Municipal Law. He shows that firemen have an additional cause of action. It is not based strictly on the negligence of the other person in the operation of a vehicle, but on the violation of a statute (Vehicle and Traffic Law, §§ 1144, 1180, 1111). Further, the statute is broad enough to cover a motor vehicle accident, it not being limited to a fireman being injured on the premises where he is fighting a fire. The decision of Justice Lawless was affirmed without opinion on December 1, 1966, and is cited as Coady v Carnes (27 AD2d 647). (See Burigo v Di Leo, 38 Misc 2d 851; contra McAvoy v Di Leo, 43 Misc 2d 164, revg 40 Misc 2d 46.)
Plaintiffs, in the case at bar, have pursuant to section 205-a of the General Municipal Law, an additional right created by statute. This right is in addition to any common-law negligence action.
Article 18 of the Insurance Law, commonly known as the No-Fault Insurance Law, is a new statute which modifies the common-law negligence cause of action.
Plaintiffs have a cause of action by virtue of section 205-a of the General Municipal Law plus a common-law negligence cause of action, or a cause of action by virtue of section 205-a of the General Municipal Law plus a common-law negligence action as modified by article 18 of the Insurance Law, depending upon the factual circumstances of the case herein.
There is a distinction between a right of action created by statute and one of common-law negligence. (For purposes of a Statute of Limitations see CPLR 214, subds 2, 5.)
*752 Sicolo v Prudential Sav. Bank of Brooklyn (5 NY2d 254) refers to section 205-a of the General Municipal Law as a nonpenalty statute, although it penalizes the violator of the law. Gannon v Royal Props. (285 App Div 131, affd 309 NY 819) refers to section 205-a of the General Municipal Law as a statute as being "quasi-penal”, if not entirely penal, and "sui generis” (PJI 2:93).
Subdivision 1 of section 673 of the Insurance Law states: "Notwithstanding any other law, in any action by or on behalf of a covered person against another covered person for personal injuries arising out of negligence in the use or operation of a motor vehicle in this state, there shall be no right of recovery for non-economic loss, except in the case of a serious injury, or for basic economic loss.”
The question arises whether the damages claimed by plaintiffs fall within the definition of "non-economic loss”, which is described as "pain and suffering and similar non-monetary detriment.” (Insurance Law, § 671, subd 3.)
Plaintiffs have a right of action created by section 205-a of the General Municipal Law. It holds the transgressor accountable for a sum "not less than one thousand dollars”. This is a fixed figure, definite and certain, of not less than $1,000. It is set by statute and is either a penalty or form of penalty, or even a nonpenalty determined amount. It is different, distinct, separate and apart from pain and suffering, which is primarily "non-economic loss”.
Pain and suffering is unliquidated, indefinite and uncertain and must be proved by direct evidence. (See Mazelis v Wallerstein, 77 Misc 2d 335, mod 51 AD2d 579.)
The plaintiffs, upon a trial, may have diverse questions of proof, especially to prove damages over and above $1,000, but this is reserved for determination at a later date upon the trial of the issues. Suffice it to say that section 205-a of the General Municipal Law is not abrogated or annulled by article 18 of the Insurance Law.
Section 205-a and article 18 are to be read together and to complement each other, rather than to conflict with each other. As aforesaid article 18 limits common-law negligence actions, but not section 205-a of the General Municipal Law actions.
Defendants’ motion for dismissal of plaintiffs’ complaint is *753 hereby denied, without motion costs, and plaintiffs should prepare and submit order accordingly.