OPINION OF THE COURT
William L. Ford, J.
This is an application by the defendant for an order dismissing the complaint pursuant to CPLR 3212.
The plaintiff Michael L. Traver (hereinafter referred to as plaintiff) is a fireman employed by the defendant. He commenced this action to recover damages for personal injuries sustained as a result of a collision between a fire truck in which he was riding and another vehicle at an intersection located in the defendant’s jurisdiction. The action is premised on a failure of the defendant to properly maintain the intersection where the accident occurred including traffic control signals and devices. The action is specifically brought pursuant to section 205-a of the General Municipal Law (hereinafter referred to as section 205-a).
The defendant has pleaded the Workers’ Compensation Law as a bar to this action in its answer. This motion is *64 made upon the ground that the Workers’ Compensation Law is the plaintiff’s exclusive remedy.
Section 205-a provides in relevant part as follows: “In addition to any other right of action or recovery under any other provision of law, in the event any accident, causing injury * * * occurs directly or indirectly as a result of any neglect * * * of any person or persons in failing to comply with the requirements of any of the statutes, ordinances, rules, orders and requirements of the federal, state, county, village, town or city governments or of any and all their departments, divisions and bureaus, the person or persons guilty of said rieglect * * * at the time of such injury * * * shall be liable to pay any officer, member, agent or employee of any fire department injured * * * while in the discharge or performance of any duty imposed by * * * the fire department * * * a sum of money, in case of injury to person, not less than one thousand dollars * * * such liability to be determined and such sums recovered in an action to be instituted by any person injured * * * as aforesaid.”
The statute would upon its face and given a literal interpretation include as a potential liability any failure of a person or persons, including a city (Nykanen v City of New York, 14 NY2d 697) to properly obey relevant statutes, etc., relating to highways and traffic signals or devices. However, negligence or a failure on the part of a municipal corporation in the enforcement of its rules and regulations standing alone has been found not to result in liability because the thrust of the statute is to impose liability on the property owners (Infosino v City of New York, 25 AD2d 841, mot for lv to app den 18 NY2d 583; Gerhart v City of New York, 56 AD2d 790, 791; mot for lv to app den 42 NY2d 810; McAvoy v Di Leo, 43 Misc 2d 164, revg 40 Misc 2d 46).
The initial motion of the defendant was premised solely upon the defense of the Workers’ Compensation Law but in subsequent papers the parties have strenuously argued whether or not section 205-a applies to the facts herein. The court finds that although the Appellate Division of the Fourth Department has apparently accepted the theory that section 205-a was not intended to apply just to the owner of the property where a fire occurs (see Coady v *65 Carnes, Supreme Ct, Special Term, Erie County, March 31, 1965, affd 27 AD2d 647) the better construction of the statute would limit it in application to those situations where injuries or death are caused while the fireman is actively engaged in fighting a fire (Citowitz v City of New York, 77 AD2d 642).
The further question raised by the motion papers is whether the acceptance of workers’ compensation benefits precludes the defendant from pursuing this civil action.
The defendant refers the court to the case of Gresis v Garth Manor Corp. (20 AD2d 726, mot for lv to app den 14 NY2d 488) which held that a volunteer fireman was precluded by the exclusive remedy of the Volunteer Firemen’s Benefit Law from pursuing a cause of action against the employer for relief pursuant to section 205-a. However, the Volunteer Firemen’s Benefit Law was enacted in 1956 and, therefore, its provision in section 19 thereof for exclusivity of remedy has a basis for enforcement as having been enacted after section 205-a. In the present case section 205-a was enacted after the Workers’ Compensation Law was already in effect. As quoted hereinabove section 205-a expressly provides that it is “[i]n addition to any other right of action or recovery under any other provision of law”. (Emphasis supplied.) Further, section 205-a wás enacted after the waiver of immunity for liability effected by section 8 of the Court of Claims Act.
It has been held in the case of intentional torts that an application for workers’ compensation benefits and acceptance thereof forfeits any right to maintain an action against the employer. (See Cunningham v State of New York, 60 NY2d 248.) In those cases the acceptance of benefits operated as a preclusion in part because the award thereof was necessarily premised upon an accidental happening. (See Legault v Brown, 283 App Div 303; Cunningham v State of New York, supra.)
The reasoning of the court in Werner v State of New York (53 NY2d 346, 353-355) is persuasive that it was the intent of the Legislature to preclude a double recovery from an employer for one wrong, i.e., two recoveries for the personal injuries to the émployee. While section 205-a is in addition to any other remedy it does not appear that there *66 was any intent to impose an additional amount of damages on an employer. The plaintiffs forfeited their right to relief pursuant to section 205-a when the plaintiff accepted workers’ compensation benefits (Cunningham v State of New York, supra, p 252, n 2).
In summary, the court finds that section 205-a does not provide the plaintiffs with a right to relief and that the plaintiffs are precluded from maintaining an action against the defendant because the plaintiff Michael L. Traver applied for and accepted workers’ compensation benefits.
The motion of the defendant is granted.