■ Carl Panto, Respondent, v J & M Salvage Co. et al., Respondents, and Judson Realty Inc., Doing Business as Judson Holdings II, Appellant, et al., Defendant.—Order, Supreme Court, New York County (Irma Vidal Santaella, J.), entered April 21, 1989, which granted plaintiff's motion to amend his complaint, is unanimously affirmed, with costs.

Plaintiff, a fireman, was seriously and permanently injured while fighting a fire on March 10, 1984. In March of 1984, plaintiff commenced an action based on negligence against defendants-respondents. In January 1987, plaintiff commenced a second negligence action against defendant-appellant. Subsequently, the two actions were consolidated. In December 1988, plaintiff moved to amend his complaint to include a cause of action under General Municipal Law § 205-a. Defendant-appellant opposed the motion on the grounds that the new cause of action was barred by the Statute of Limitations. Justice Santaella granted plaintiff's motion.

As is well established, permission to amend pleadings shall be freely given. (CPLR 3025 [b].) If the original pleading gave notice of the transaction or occurrence sought to be interposed in the new pleading, the new claim is deemed to have been interposed at the time the claim in the original pleading was first asserted. (CPLR 203 [e].) Hence, there is a relation back if the earlier pleading sufficiently notifies the adverse party of the underlying facts out of which the new claim arises.

Defendant-appellant's reliance on *Sicolo v Prudential Sav.*

*Bank* (4 AD2d 790 [2d Dept 1957], *revd* 5 NY2d 254 [1959]) and *Izzillo v Mulkor Warehousing Co.* (14 Misc 2d 609 [Sup Ct, NY County 1958]) is misplaced since both cases were decided before CPLR 203 (e) came into effect. Indeed, the current rule under CPLR 203 (e) avoids the inequities of the old rule expressed in *Sicolo.* Here plaintiff merely seeks to add a new cause of action which is completely referable to the original cause of action. All the allegations in the amended pleading are duplicative of the allegations in the first pleading. Indeed, the amended pleading only adds a new theory of recovery based on the identical facts alleged in the original pleading.

Defendant-appellant has not proved that it has been prejudiced. It merely indicates that passage of time has occurred. However, "[l]eave to amend pleadings should not be denied on the basis of ' "lateness" ' unless it is ' "coupled with significant prejudice to the other side, the very elements of the laches doctrine." ' " *(D'Onofrio v St. Joseph's Hosp. Health Center,* 101 AD2d 686 [4th Dept 1984].) In addition, prejudice is not found in mere exposure of defendant to greater liability. *(Dolan v Garden City Union Free School Dist.,* 113 AD2d 781, 785 [2d Dept 1985].)

Accordingly, leave to amend the pleading was properly granted. Concur—Murphy, P. J., Sullivan, Ross, Asch and Smith, JJ.